UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CLINTON D. COX                             Case No. 3:00CR-69(AHN)

-vs-

UNITED STATES OF AMERICA

RULE 33 MOTION FOR A NEW TRIAL, PURSUANT TO
FEDERAL RULE OF CRIMINAL PROCEDURE

Summary of Judgment

The Petitioner would like to point out to this Honorable Court the letter dated April 5, 2000, from the Department of the Treasury, that shows Case Number 76206-00-0027, which is the same Case Number on Exhibit B-3, page 2 of Investigation Report that shows the supporting Alcohol, Tobacco, and Firearms form 4473, for the Petitioner's case.

Attachments

1). Letter, dated July 11, 2003, from Mr. Peter J. Chisholm, of the Department of the Treasury;

2). The letter, dated **July 28, 2003**;

3). The letter, dated **April 5, 2000, that shows Document Case Number in support of ATF 4473 forms:**

On or about January 20, 2003, the Petitioner, Clinton Cox, pro-se, filed a motion pursuant to Federal Rule of Criminal Procedure 33, requesting a new trial on all counts of the Superseding Indictment, which alleged that he violated Title 18 U.S.C. § 924(c) on March 19, 1999, and on March 26, 1999.

In his motion, the Petitioner argued that the District Court should reverse the verdict on all counts and grant a new trial because of prosecutorial misconduct (e.g., that the Government knowingly solicited and permitted government witnesses, Mr. Thomas Marazita, and Mr. Frank D'Andrea, to testify falsely at Petitioner's trial proceedings about the existence of a Sturm-Ruger Model P95 9mm pistol.) See, **Mooney v. Hollohan**, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed.2d 791 (1935) ("Such a continuance [use of perjured testimony] by a state to procure the conviction and imprisonment of a defendant is as inconsistent with the rudimentary demands of justice as is the obtaining of a like result by intimidation. The knowing use of perjured testimony by the prosecutor is a violation of constitutional proportions... Such misconduct should be brought, without hesitation, to the attention of the court"); **Giglio v. United States**, 405 U.S. 150, 154-55, 92 S.Ct. 763, 766, 31 L.Ed.2d at 104, 105-09 (1972) ("Not only is the deliberate deception of [the] court and jury by the presentation of testimony known to be perjured improper, the prosecutor may not allow testimony known to him to be false to stand uncorrected"); **Napue v. Illinois**, 360 U.S. 264, 269, 79 S.Ct. 1173, 1177, 3 L.Ed.2d 1217, 1221 (1959) (Stating that the jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence").

In sum, the Petitioner argued specifically and explicitly that a portion of a document obtained from a Website operated by Ruger, Sturm, Co., Inc. demonstrates that Mr. D'Andrea falsely testified during the Petitioner's trial proceedings that he sold a Ruger Model P95 9mm pistol bearing serial number 311-91989, and serial number 312-78383... However, a Ruger Model pistol with those serial numbers and model type did not even exist at the time of the Petitioner's alleged offense.

The Petitioner would like this Honorable Court to look over Exhibit B-2 which is Ruger Company's serial number history document that states the beginning serial number starts in 314 and the year of production started in 2001.

The Petitioner would like to point out to this Honorable Court that the information on ATF Forms 4473 came from, Mr. Peter J. Chisholm, pursuant to the Freedom of Information Act. He identified the purchase dates for all of the firearms in Petitioner's motion to the Court and from that shows the prosecutor knowingly presented perjured testimony at the Petitioner's trial proceeding, and likewise a fraudulent document to the Court to support its case in chief, while the Petitioner, on the otherhand, presented with due diligence, competent and reliable evidence that the prosecutor knew and/or should have known that its government witnesses aforementioned (e.g., Marazita, D'Andrea, and Guerra) testimony was false.

On April 13, 2004, the Government filed a Supplemental Response to Petitioner's Motion for a New Trial. On April 16, 2004, this Court issued an order to the Petitioner to file his response by June 15, 2004, and, any reply by the Government shall be filed by July 15, 2004.

To this date, the Government has yet to file its response pursuant to this Honorable Court's Order, dated April 16, 2004. Accordingly, since the Government has failed to file any reply papers pursuant to the aforementioned Court's Order, dated April 16, 2004, in opposition to the Petitioner's Motion For a New Trial, it has been "conceded" by them since the Government did not deny and are therefore deemed to have admitted, the specific factual allegations contained in the Petitioner's Motion For a New Trial asserting the false testimony by the aforementioned government witnesses, pursuant to Federal Rule of Civil Procedure 8(d).

Therefore, for all of the foregoing reasons set forth herein and in the Petitioner's original Motion For a New Trial, this Honorable Court should forthwith grant summary judgment in the Petitioner's favor, because "whether the nondisclosure was a result of negligence or design, it was the responsibility of the prosecutor, Giglio, 405 U.S. at 154, 92 S.Ct. at 766, 31 L.Ed.2d at 109, and a 'promise made by one attorney must be attributed, for these purposes, to the government. Id.

Respectfully submitted,

CLINTON D. COX
PRO-SE LITIGANT

10/15/04

J. DUNKLEBERGER, CASE MANAGER
AUTHORIZED BY ACT OF JULY 7,
1955, TO ADMINISTER OATHS

# CERTIFICATE OF SERVICE

I, _Victor C. Lee_ , hereby certify that I have served a true and correct copy of the foregoing: _Summary of judgment for R. 29_
_Motion for a new trial_

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, <u>Houston vs. Lack</u>, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to: _Clerk of the Court_
_US Courthouse_
_District of Connecticut_
_915 Lafayette Boulevard_
_Bpt, Conn 06604_

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this _____ day of _____ ,

_James J. Finnerty,_
_United States Attorney Office_
_915 Lafayette Boulevard_
_Bpt, Conn 06604_

Respectfully Submitted,

_/s/ Victor C. Lee_

REG. NO. _13883-014_

J. DUNKLEBERGER, CASE MANAGER
AUTHORIZED BY ACT OF JULY 7,
1955, TO ADMINISTER OATHS    11/4/04



DEPARTMENT OF THE TREASURY
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS
WASHINGTON, DC 20226

REFER TO: 122000
PJC/03-1825

Clinton Cox
Reg. No. 13883-014
Unit A
United States Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

Dear Mr. Cox:

This is in response to your Freedom of Information Act (FOIA) request for access to information maintained by the Bureau of Alcohol, Tobacco and Firearms (ATF).

We will grant your request in part when all responsive records have been identified, retrieved and processed.

We anticipate responding to you by July 30, 2003. We apologize for this delay and will do everything possible to meet the new response date. Your patience is greatly appreciated while we search for responsive records.

                Sincerely,

                Peter J. Chisholm
                Disclosure Specialist



DEPARTMENT OF THE TREASURY
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS
WASHINGTON, DC 20226

JUL 28 2003

REFER TO: PJC/03-1825

Clinton Cox
Reg. No. 13883-014
Unit A
United States Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

RE: Freedom of Information Act (FOIA) Request

Dear Mr. Cox:

This is in response to your Freedom of Information Act (FOIA) request for access to information maintained by the Bureau of Alcohol, Tobacco and Firearms (ATF).

Your request is granted in part. We are releasing the disclosable portions of the documents that contain exempt information and withholding portions of the documents for the reasons indicated on the attached "Document Cover Sheet."

Insofar as your request has been partially denied, and deletions have been made, you have the right to request an administrative appeal by following the instructions outlined on Part III of the attached form.

Sincerely,

Peter J. Chisholm
Disclosure Specialist

Enclosure

WWW.ATF.TREAS.GOV



DEPARTMENT OF THE TREASURY
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS

April 5, 2000

Case Number: 762060-00-0027

This report for prosecution relates to alleged violations of the Federal Firearms and Narcotic Laws by Clinton Cox and Jason Cox who, after having been convicted of crimes punishable by more than one year imprisonment possessed firearms that had previously traveled in interstate commerce. Clinton Cox and Jason Cox additionally possessed firearms during the commission of drug trafficking crimes. This report also relates to violations against Willie Grant, Jason Cox and Clinton Cox who between January 1, 1997 to present distributed cocaine base and conspired to distribute cocaine base. These alleged violations occurred in the District of Connecticut and elsewhere.

## DEFENDANT AND ARREST STATUS

COX, Clinton - Not Arrested - Indicted
COX, Jason - Not Arrested - Indicted
Grant, Willie - Arrested - Indicted

## STATUES VIOLATED
### As to Clinton Cox and Jason Cox

Title 18, U.S.C. Section 922(g)(1) - Felon in possession of a firearm/ammunition.
Title 18, U.S.C. Section 924© - Possession of a firearm during a drug trafficking crime.
Title 21, U.S.C. Section 846 - Conspiracy to distribute narcotics
Title 21, U.S.C. Section 841 - Distribution of narcotics

### As to Willie Grant

Title 18, U.S.C. Section 841 - Distribution of narcotics
Title 18, U.S.C. Section 846 - Conspiracy to distribute narcotics

## DOCUMENTS SUBMITTED IN SUPPORT OF PROSECUTION

1. ATF Report of Investigation (ROI) dated January 14, 2000.
   Allegation - Felon in possession of firearms/armed narcotics trafficking.
   ATTACHMENT: ATF form 4473, Firearms Transaction Record (8) signed by

   Certified copy of felony convictions for Clinton Cox, Jason Cox and Willie Grant

2. ATF Report of Investigation (ROI) dated February 14, 2000.
   Assist DEA in the purchase of cocaine base from Jason Cox and Willie Grant.



3.     ATF Report of Investigation (ROI) dated April 3, 2000.
       Interstate Nexus Report.

4.     ATF Report of Investigation (ROI) dated April 5, 2000.
       Indictments against Clinton Cox, Jason Cox and Willie Grant.
       ATTACHMENTS: United States District Court, District of Connecticut Grand Jury Indictment.