UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CLINTON COX,

    Petitioner:

v.

    Case No. 3:00CR69(AHN)
    3:04CV1383(AHN)

UNITED STATES OF AMERICA,

    Respondent:

### REPLY TO THE GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO PETITIONER'S SECTION 2255 MOTION

Now comes, the Petitioner, Clinton Cox, pro-se (Hereinafter, "Petitioner") and hereby respectfully submits the instant reply to the Government's memorandum of law in opposition to his motion filed under 28 U.S.C. § 2255. In support thereof, states as follows:

#### Relevant Facts

Petitioner's Section 2255 motion to vacate, set aside or correct sentence was filed on or about August 9th, 2004. On October 18, 2004, the Government submitted a motion entitled "government's response to defendant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence."

#### The Government Has Ignored Or Simply Neglected To Address Several Issues And Sub-Issues Raised In The Petitioner's § 2255 Motion

The Government's responsive papers/memorandum of law in opposition of petitioner's § 2255 motion, failed to jump several hurdles (allegations). Thus, the Government did not deny, and are therefore deemed to have admitted, the specific allegations of the motion asserting that Petitioner's constitutional rights were violated.

1.

<u>Ismail v. Cohen</u>, 706 F.Supp. 243, affirmed 899 F.2d 183, (2d Cir. 1990); Federal Rule of Civil Procedure 8(d).

Accordingly, Summary Judgment should be granted as to these issues in Petitioner's favor.

### Cause and Prejudice

As an initial matter, here it should be noted that the Petitioner in this matter requested that all claims be considered under ineffective-assistance-of-counsel. (Both Trial and Appellate). See, Habeas Corpus (§ 2255) Application, question number 13.

Here, Petitioner contends that he should not be at blame for trial and appellate counsels failure to raise claims. See, <u>Billy-Eko v. United States</u>, 8 F.3d 111 (2d Cir. 1993), noting, in most cases trial and appellate counsel are the same. Thus, it is unlikely that appellate counsel would reflect his own incompetence. See also, <u>Massaro v. United States</u>, 155 L.Ed.2d 714 (2003) (same).

Finally, the prejudice here can be found in the unlawful sentence. The Government overlooks the fact that under Claim II the Petitioner is actually innocent of the sentence imposed. See, <u>Spence v. Great Meadow Corr. Fac.</u>, 219 F.3d 162 (2nd Cir. 2000) ("actual innocence" exception applies to the sentencing phase of a non-capital trial). If one is "actually innocent" of the sentence imposed, a federal habeas court can excuse the procedural default to correct a fundamentally unjust incarceration. <u>Dugger v. Adams</u>, 489 U.S. at 401.

### The Element "Willfully" - Conspiracy Count

Petitioner's second claim is that his indictment omitted the essential element "willfully" from the drug conspiracy count. In sum, instead of alleging that the defendants "knowingly, <u>willfully</u>, and unlawfully conspired with others, the indictment alleges the

2.

element of 21 U.S.C. § 841(a)(1), rather than the elements of 21 U.S.C. § 846, the charged crime.

Notable, the Court's instruction was based on a proper pattern instruction and clearly told the jurors that they had to decide if each defendant knowingly, <u>willfully</u>, and voluntarily became a member of the conspiracy. See, Proposed Jury Instructions, at page 41, citing <u>United States v. Velez</u>, 652 F.2d 258, 261 (2d Cir. 1981) (willfully crucial element).

An indictment is sufficient if it meets two requirements:
(1) It containes the <u>elements</u> of the offense and contains sufficient facts and circumstances to fully inform the accused of the specific offense; and
(2) It contains sufficient information to allow him to plead an acquittal or conviction in bar of future prosecutions for the same offense.

<u>Hamling v. United States</u>, 418 U.S. 87 (1974).

An indictment will usually be sufficient if it states the offense using the words of the statute itself, as long as the statute fully and unambiguously states all the elements of the offense. <u>Id.</u> 117. Here, the government contends that "the defendant neither identifies nor asserts any cause for his failure to bring the allegedly defective indictment claim previously "(Government's Reply, at 15)."

The Government's position must fail for the following reasons.*

---

\* Again, Petitioner should not be at blame for counsel's error.

3.

A deficient charging document, requires a defendant to go to trial with the chief issue undefined. It enables the defendant's conviction to rest on one point and the affirmance of the conviction to rest on another. It gives the prosecution free hand on appeal to fill in the gaps of proof by surmise or conjecture. Russell v. United States, 396 U.S. 746, 766 (1962). For example, here there is no proof the Grand Jury would have passed a bill for a superseding indictment in this case.

The indictment secures the Fifth Amendment guarantee "that the accused be tried only on such charges as a grand jury has returned" Id. at 771. Thus, even if it provides adequate notice, an indictment is defective unless the grand jury agreed on the facts constituting each essential element.

> "The purpose of this requirement... is to limit [a defendant's] jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge. To allow the prosecutor or the court to guess what was in the minds of the grand jurors at the time they returned the indictment would deprive the defendant of this basic protection. For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him."

Id. at 770-71.

Finally, given the jury instructions stated above Petitioner need not make a showing of prejudice. See, Stirone v. United States, 361 U.S. 212 (1960).

### -Blakely and the Federal Guidelines

In Blakely v. Washington, 124 S.Ct. 2531 (2004), the dissenting party stated:

4.

> "Today's decision casts constitutional doubt over them all and, in so doing, threatens an untold number of criminal judgments. Every sentence imposed under such guidelines in cases currently pending on direct appeal is in jeopardy. And, despite the fact that we held in Schriro v. Summerlin, 542 U.S. ___, 159 L.Ed.2d ___, 124 S.Ct. ___, that Ring (and a fortiori Apprendi) does not apply retroactively on habeas review, all criminal sentences imposed under the federal and state guidelines since Apprendi was decided in 2000 arguably remain open to collateral attack. See, Teague v. Lane, [489 U.S. 288] ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final"). Id.

In the case at bar, the Government argues that this Court deny Petitioner's motion given it's current position that Blakely does does not apply to the Petitioner's conviction and sentence.

After Apprendi but before Blakely, this and the other Circuit Courts of Appeals had unanimously concluded that the maximum the defendant could receive "if punished according to the facts reflected in the jury verdict alone," Apprendi, 530 U.S. at 483, was the maximum penalty provided in the statute setting forth the offense of conviction (or whatever penalty state forth was referenced by the statute setting forth the offense of conviction), not the top of the guideline sentencing range mandated by those facts. See, United States v. Garcia, 240 F.3d 180, 182-84 (2d Cir. 2001) ("We hold that Apprendi does not apply to increase in defendant's sentence under the Sentencing Guidelines"). Id.

The Blakely Court expressly rejected the view stated above, that the "statutory maximum," which could not be exceeded without violating Apprendi, was the sentence authorized by the statute

5.

The plain language of § 2255 militates toward the conclusion that AEDPA did not codify, in particular, <u>Teague's</u> approach to initial petitions under § 2255. Instead, the statute's language merely requires that one condition precedent be met for a petitioner to assert a right, in his initial § 2255 petition, within one year of that right's initial recognition by the Supreme Court. That condition precedent is that "the limitation period shall run from the latest of the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(i). Thus, there is no requirement that a newly recognized right be "made retroactively applicable to cases on collateral review." Compare, 28 U.S.C. § 2255(3). Therefore, an <u>Teague</u> analysis in this case is moot.

A second reason that the Government's argument fails is that, a <u>Teague</u> analysis (which determines retroactivity) is premature. Since the Supreme Court has not made a ruling as to <u>Blakely's</u> applicability to federal defendants' and whether and how far back its application may affect federal sentences rendered after <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000); <u>Ring v. Arizona</u>, 536 U.S. 584 (2002) or the <u>United States Federal Sentencing guidelines</u> (effective November 1, 1987), or whose's convictions had not become final during the pendency of those decisions or the enactment of the law.

Finally, Petitioner recognizes that his <u>Blakely</u> claim may currently be foreclosed by this Circuit's precedent-at least temporarily. But, it is respectfully submitted that this Court's position on the issue, however, is far from unanimous. See, e.g., <u>United States v. Booker</u>, 375 F.3d 508 (7th Cir. 2004); <u>United States v. Ameline</u>, 376

7.

967 (9th Cir. 2004) (both holding that **Blakely** applies to an invalidates Federal Sentencing Guidelines).

Notable, the Supreme Court has agreed to resolve the conflict in its October Term. In any event, although **Blakely** was decided in June of 2004 (after his conviction became final), it clarified the correct meaning of "statutory maximum" and thus was not a new rule but was mandated, compelled, and dictated by the then-existing Sentencing Guidelines. thus, denying Petitioner relief on his claim, would clearly be premature.

## Conclusion

For all of the foregoing reasons Petitioner respectfully requests that the instant case be placed in abeyance and Petitioner be granted permission to amend and/or supplement his informal brief when the Supreme court decides the cases of **Booker** and **Fanfan**. If not, Petitioner's issue will be lost forever, and he will be denied the benefit of any future decisions and further clarifications by the Supreme Court or this Circuit Court.

Respectfully submitted,

*[signature]* Dec 15, 04
CLINTON COX

J. DUNKLEBERGER, CASE MANAGER 12/9/04
AUTHORIZED BY ACT OF JULY 7,
1955, TO ADMINISTER OATHS

8.

# CERTIFICATE OF SERVICE

I, __Clinton Cox_____, hereby certify that I have served a true and correct copy of the foregoing:

"Reply To The Government's Memorandum of Law in Opposition to Petitioner's Section 2255 Motion"

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, <u>Houston vs. Lack</u>, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

U. S. Attorney's Office
915 Lafayette Boulevard, Room 309
Bridgeport, Connecticut 06604

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this __9th__ day of __Nov.__, 2004

Respectfully Submitted,

_Clinton Cox_  12,13,04
_Clinton Cox_
CLINTON COX

REG. NO. __13883-014__

_J. Dunkleberger_  11/9/04
J. DUNKLEBERGER, CASE MANAGER
AUTHORIZED BY ACT OF JULY 7,
1955, TO ADMINISTER OATHS