UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT FILED

Clinton A. Cox,
      Petitioner:

v.

UNITED STATES OF AMERICA,

      Respondent:

2005 FEB -8 A 9: 06
Case No. 3:00-CR-69(AHN)
U.S. DISTRICT COURT CV1383
BRIDGEPORT, CO

## NOTICE OF JUDICIAL COGNIZANCE

COMES NOW, Clinton A. Cox, pro-se, (Hereinafter, "Petitioner") and respectfully files a notice of judicial cognizance and would show as follows:

The above stated case is still pending in this Honorable Courthouse.

Subsequent to filing of said case, the United States Supreme Court decided the cases of **United States v. Booker**, 04-104; and **United States v. Fanfan**, 04-105, on January 12, 2005. The Supreme Court relied on its holding in **Blakely v. Washington**, 542 U.S. ___, (2004), that "the statutory maximum" for **Apprendi** purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." **Id**. Those facts must be charged in the indictment and proved beyond a reasonable doubt. **Apprendi v. New Jersey**, 530 U.S. 466 (2000).

The Supreme Court in **Booker/Fanfan** concluded that the Sixth Amendment as construed in **Blakely** does apply to the United States Federal Sentencing Guidelines. Also, in a separate opinion authored by Justice Breyer, the Court concluded that in light of its holdings, that two provisions (e.g., 18 U.S.C. § 3553(b)(1) and 18 U.S.C. § 3742(e) of the Sentencing Reform Act of 1984 (SRA) that have the

effect of making the Guidelines mandatory must be invalidated in order to allow the statute to operate in a manner consistent with Congressional intent. **Id.** at ___. (Slip Op., at 2).

The Supreme Court of the United States noted as follows:

> "[I]f the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment."

**Id.** at ___ (Slip Op., at 8).

The sole purpose of Petitioner's notice of judicial cognizance is to respectfully inform this Honorable Court of the application of the Supreme Court of the United States' decision in **Booker/Fanfan**, as it could have great impact on Petitioner's now pending case in this Court.

In closing, in the event that Petitioner is successful on the merits of his claims, he has already served more time in prison than the law authorized. The **Booker/Fanfan** opinion compels that Petitioner's claims appear meritorious on its face. Accordingly, it is for this reason Petitioner respectfully request that this Honorable Court also expedite the review of this case as an injustice might result if Petitioner is successful and serves more time than legally sentenced to serve.

Dated: Jan. 29th, 2005

Respectfully submitted,

_____ 2-2-05
Clinton A. Cox

J. DUNKLEBERGER, CASE MANAGER
AUTHORIZED BY ACT OF JULY 7,
1955, TO ADMINISTER OATHS

# CERTIFICATE OF SERVICE

I, __Clinton A. Cox_____, hereby certify that I have served a true and correct copy of the foregoing:

Notice of Judicial Cognizance

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, <u>Houston vs. Lack</u>, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

Office of the U.S. Attorney
U.S. Courthouse
915 Lafayette Boulevard
Bridgeport, Ct.   06604

Clerk of the Court
915 Lafayette Boulevard
Bpt Conn 06604

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this __29th__ day of __Jan.__, 2005

Respectfully Submitted,

_Clinton C. Cox_ 2-2-05
Clinton A. Cox

REG. NO. __13883-014__

J. DUNKLEBERGER, CASE MANAGER
AUTHORIZED BY ACT OF JULY 7,
1955, TO ADMINISTER OATHS    2/2/05