UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

CLINTON COX,　　　　　　　　　　　　Criminal No. 3:00-CR-69(AHN)

　　　　Petitioner:　　　　　　　　　Civil No. 3:04-CV-1383(AHN)

v.

UNITED STATES OF AMERICA,

　　　　Respondent:

### REPLY TO GOVERNMENT'S RESPONSE TO PETITIONER'S PRO-SE "NOTICE OF JUDICIAL COGNIZANCE"

**COMES NOW**, the Petitioner, Clinton Cox, pro-se (Hereinafter, "Petitioner"), and hereby submits this memorandum of law in support of the instant motion entitled "Reply to Government's Response to Petitioner's Pro-Se Notice of Judicial Cognizance." In support of it is stated:

The Petitioner assumes the Court is familiar with all other pertinent facts of this case as set-forth in his prior filed motions.

### Discussion

The Supreme Court's recent decision in **United States v. Booker, 125 S.Ct. 738 (2005),** hold that the Federal Sentencing Guidelines are unconstitutional insofar as they are mandatory.

The Supreme Court in **Booker** clearly recognized for federal criminal defendants a new right as that term is used under 28 U.S.C. § 2255(3), which pertains to the one-year time frame in which a Petitioner can bring such a motion after recognition of the new

(1)

right. Accordingly, the timeliness of Petitioner's § 2255 motion depends on the second part of that subsection, that is, whether this newly recognized right not to be sentenced under the mandatory Federal sentencing Guidelines is "made retroactively applicable to cases on collateral review."

While a new right to be cognizable must be recognized by the Supreme Court, the lower federal courts may determine the issue of retroactivity with respect to a Petitioner's first § 2255 motion. **United States v. Swinton, 333 F.3d 481, 485-87 (3d Cir. 2003);** see also, **United States v. Dodd, 365 F.3d 1273, 1278 (11th Cir. 2004)** ("every circuit to consider this issue has held that a court other than the Supreme Court can make the retroactivity decision for purposes of § 2255(3)"), **cert. granted, 125 S.Ct. 2607 (2004).**

In the case at bar, the government's response to Petitioner's notice, cite case that are distinguishable. Each involved a motion for leave to file a "second or successive" § 2255 motion. Petitioner has not previously filed a § 2255 motion. Notable, the statutory language governing initial § 2255 motions differs from that governing successive motions.

The statutory language governing initial § 2255 motions establishes a limitations period, the latest date on which the motion may be filed, not the earliest date. In **United States v. Siegelbum, CR No. 02-179-01-PA (D. Or. Jan. 28, 2005)** Senior United States District Court Judge, Owen Panner, concluded that:

1). The district court may hear a first-time § 2255 motion now, without waiting for the Supreme Court to decide whether **Blakely/Booker** are retroactive [whether a successive § 2255 motion may be heard now is a different question, governed by different statutory language].

2). The remedy announced in **Blakely/Booker** (advisory guidelines) must not be confused with the constitutional violation (in specified circumstances, sentence may be enhanced only if essential facts are admitted by the defendant or found by the jury applying "reasonable doubt standard"). The latter is the "rule" for retroactivity purposes.

Finally, under the standards first articulated in **Teague v. Lane**, 489 U.S. 283 (1989), the only apparent justification for retroactive application of **Blakely/Booker** would be to redress potential miscarriages of justice resulting from an inaccurate fact-finding procedure.

Assuming that the rule announced in **Blakely/Booker** applies retroactively, relief would be limited to persons presently serving a sentence that was enhanced on the basis of contested facts that were not found to be true, beyond a reasonable doubt, nor admitted by the defendant. Only if a defendant actually desputed the facts that resulted in the sentence enhancement, and the Court decided the matter against him, can the defendant show that he may have been prejudiced by application of the wrong standard of proof. This is such a case.

## Conclusion

This Court should note that the Petitioner may have no other available procedures through which he may challenge the constitutionality of his sentence and conviction under **Blakely/Booker**. Denial of the instant § 2255 because the new rule was not made retroactively applicable for the purpose of a § 2255 amounts to a

violation of the Due Process Clause and the Suspension of the Writ Clause. It is for all the reasons stated herein and within Petitioner's § 2255 motion that this Honorable Court should grant relief in the instant case.

                                Respectfully submitted,

                                _/s/ Clinton D. Cox  3-3-05_
                                CLINTON COX, PRO-SE LITIGANT

# CERTIFICATE OF SERVICE

I, _Clinton Cox_____, hereby certify that I have served a true and correct copy of the foregoing:

Reply to Government's response to Notice of Judicial Cognize

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

U.S. Attorney's Office
915 Lafayette Boulevard, Room 309
Bridgeport, Conn.  06604

*Clerk of Court*
*915 Lafayette Boulevard*
*Bpt Conn 06604*

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this _1st_____ day of _March_____, 2005.

Respectfully Submitted,

_Clinton Cox_ (signature)
Clinton Cox

REG. NO. _13883-014_____

3-3-05

J. DUNKLEBERGER, CASE MANAGER
AUTHORIZED BY ACT OF JULY X
1955, TO ADMINISTER OATHS