UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CLINTON COX,

    Petitioner:

v.

UNITED STATES OF AMERICA,

    Respondent:

CASE NO. 3:04-CV-1383(AHN)

CR. NO. 3:00CR69 (AHN)

### TRAVERSE

The following is, Petitioner, Clinton Cox's, pro-se Traverse to the Government's Response Opposing His Pleading entitled "Notice of Judicial Cognizance" filed February 8, 2005. In support of it is stated:

### Discussion

These cases addressed only the allocation of factfinding responsibility between the judge and the jury. However, there is a second component to **Blakely/Booker** that these cases did not address, namely, the facts used to enhance a sentence, if not admitted, must be proven beyond a reasonable doubt rather than by a preponderance of the evidence standard.

The Supreme Court has acknowledged that the standard of proof can significantly impact factfinding accuracy and society's confidence in the result. **In re Winship**, 397 U.S. 358, 363 (1970) ("The reasonable doubt standard plays a vital role in the American scheme of criminal procedure. It is a prime instrument for reducing the risk of convictions resting on factual error") and at **364** ("the reasonable doubt standard is indispensable to command the respect and confidence of the community in applications of the criminal law"); **Ivan v. City of New York**, 407 U.S. 203, 205 (1972) (purpose of reasonable doubt standard is "to overcome an aspect of

CC

a criminal trial that substantially impairs the truth-finding function, and **Winship** is thus to be given complete retroactive effect to rule requiring proof of all elements of crime beyond a reasonable doubt and voiding presumptions that shift burden of proof to defendants).

**Winship**, **Ivan** and **Hankerson**, decisions also concerned the validity of the underlying conviction, rather than a sentence enhancement. On the otherhand, at least five Justices have said that sentence enhancements are of sufficient importance to warrant application of the reasonable doubt standard in some instances. See, **Apprendi**, **Blakely** and **Booker**, **supra**. Given this history of Supreme Court case law, this Court cannot exclude the possibility that the Court might apply **Blakely/Booker** retroactively in some situations.

This Circuit panel relied upon a narrow interpretation of **Apprendi** that has now been repudiated in **Blakely** and **Booker**. The bottom line is that existing precedent does not definitively answer whether the rule announced in **Blakely/Booker** applies retroactively. See, the dissenting party in **Blakely** that sums up the new rule by stating:

> ".... despite the fact that we held in **Schriro v. Summerlin**, [542 U.S. ___ (2004)], that **Ring** (and a fortiori **Apprendi**) does not apply retroactively on habeas review, all criminal sentences imposed under the Federal and State guidelines since **Apprendi** was decided in 2000 arguably remain open to collateral attack."

**Blakely**, 124 S.Ct. 2531 (2004) Justice O' Connor dissenting (The author of **Teague v. Lane**, 489 U.S. 283 (1989)).

Under the standards first articulated in **Teague**, the only apparent justification for retroactive application of **Blakely/**

<u>Booker</u> would be to redress potential miscarriages of justice resulting from an inaccurate fact-finding procedure.

Assuming that the rule announced in <u>**Blakely/Booker**</u> applies retroactively, relief would be limited to persons presently serving a sentence that was enhanced on the basis of contested facts that were not found to be true, beyond a reasonable doubt, nor admitted by the defendant. Only if a defendant actually disputed the facts that resulted in the sentence enhancement, and the Court decided the matter against him, can the defendant show that he may have been prejudiced by application of the wrong standard of proof. This is such a case.

## Conclusion

This Court should note that the Petitioner may have no other available procedures through which he may challenge the constitutionality of his sentence and conviction under **<u>Apprendi/Booker</u>**. Denial of the instant motion because the new rule was not made retroactively applicable for the purpose of collateral review amounts to a violation of the Due Process Clause and the Suspension of the Writ Clause.

*[signature]* 4-18-05
<u>CLINTON COX</u>

cc

# CERTIFICATE OF SERVICE

I, __Clinton Cox_____, hereby certify that I have served a true and correct copy of the foregoing:

Reply to Government's response opposing amendment.

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

James J. Finnerty
U.S. Attorney's Office
At room 309

Clerk of the Court
915 Lafayette Boulevard
Bpt Conn 06604

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this __18th__ day of __April__, 2005

Respectfully Submitted,

*W. Zegarski* (signature)
"W. ZEGARSKI, PAROLE OFFICER"
AUTHORIZED BY ACT OF JULY 7, 1955
TO ADMINISTER OATHS

*Clinton Cox* (signature)  4-18-05
Clinton Cox

REG. NO. 13883-014

cc