UNITED STATES DISTRICT COURT

**FILED**

DISTRICT OF CONNECTICUT

CLINTON COX,                              Crim. No. 3:00CR69(ANN) 2005 OCT 20 P 4: 08

    Petitioner:                       Civ. No. 3:04CV1383(ANN)U.S. DISTRICT COURT
                                                            BRIDGEPORT. CONN

v.

UNITED STATES OF AMERICA,

    Respondent:

## APPLICATION FOR WRIT OF AUDITA QUERELA

    COMES NOW, the Petitioner, Clinton cox, pro-se (Hereinafter, "Petitioner") and hereby submits this instant Memorandum of Law in Support of his Application for Writ of Audita Querela.  In support thereof, it is stated:

    The Petitioner assumes the Court is familiar with all other pertinent facts of the case as set-forth in prior filed post-conviction motions.

### Background

    On January 23, 2001, a jury convicted Petitioner of violating numerous federal narcotics and firearms laws.  On September 12, 2001, the Court sentenced the Petitioner to a term of imprisonment of 540 months.  On March 19, 2003, the Court of Appeals for the Second Circuit affirmed the conviction and sentence.  See **United States v. Cox**, 324 F.3d 77 (2d Cir. 2003).  On October 6, 2003, the Supreme Court denied the Petitioner's request for writ of certiorari.

i

Finally, Petitioner has a filed motion pursuant to Federal Rule Criminal Procedure 33 and a petition under 28 U.S.C. § 2255 pending before this Court.

## JURISDICTION

The writ of audita querela is available for a collateral
attack, see United States v. LaPlante, 57 F.3d 252, 253
(2nd Cir. 1995), when habeas corpus relief is "inadequate or
ineffective" to test the continued validity of conviction or
sentence.  The Supreme Court in United States v. Morgan, 346
U.S. 502 (1954), rejected the argument that the federal habeas
statute, 28 U.S.C. § 2255 had the effect of abolishing common
law writs in criminal proceedings.  Id. at 511.  An Audita Querela
action is used in combination with the All Writs Act, the relevant
portion of which reads as follows:

> "The Supreme Court and all courts established by Act of
> Act of Congress may issue all writs necessary or appro-
> priate **in aid of their respective jurisdiction** and agreeable
> to the usages and principles of law."

28 U.S.C. § 1651(a)(1994)(emphasis added).

As the plain language of the statute demonstrates. 1 |
The All Writ Act does not confer an independent basis of juris-
diction; it merely provides a tool courts need in cases of juris-
diction is conferred by some other source.  United States v.
New York Tel. Co., 434 U.S. 159, 172 (1977)(noting that Act
provides authority for issuance of orders needed to "prevent

---

1 | Pursuant to 28 U.S.C. § 1361, "[T]he district courts shall
have original jurisdiction of any action in the nature of mandamus,
coram, nobis, audita querela..., " etc.

1

the fustration of orders it has previously issued in its exercise of **'jurisdiction otherwise obtained'** ." Emphasis added.

In order for a writ of audita querela to issue, there "must be a legal defect in the conviction, or in the sentence which taints the conviction. Equities or gross injustice, in themselves, will not satisfy the legal objections requirement and will not provide a basis for relief." United States v. Johnson, 962 F.2d 579, 582 (7th Circuit 1992); and Doe v. I.N.S., 120 F.3d 200, 203 (9th Circuit 1997)(same). Common law writs, such as coram nobis and audita querela, are available to "fill the interstices of the federal post-conviction remedial framework." Doe, 120 F.3d at 203 (quoting United States v. Ayala, 894 F.2d 425, 428 (D.C. Circuit 1990)). In other words, the common law writs survive only to the extent that they fill 'gaps' in the current systems of post-conviction relief.

In the case at hand, the Court's judgment was correct at the time but which has been rendered infirm as a consequence of **Booker**, infra. Hence, Petitioner could not raise such an initial defense; the rendition of the underlying judgment and said legal objection (i.e., **Booker** claim) is not redressable pursuant to another post-conviction remedy. Thus, the audita querela is a viable tool to accomplish justice in this situation.

## DISCUSSION

This Court should employ audita querela to vacate all mandatory sentence(s) not authorized by the jury's verdict, thus Petitioner may be eligible [as other similarly situated defendants] to a Sixth Amendment guaranteed right to a jury trial in a criminal prosecution.

District courts are allowed on a case-by-case basis to grant relief through a writ of audita querela from the consequences of a conviction where those consequences are grossly inequitable.  Cf. United States v. Salgado, 692 F.Supp. 1265, 1269-70 (E.D.Wash. 1988)(petitioner would not be entitled to new right if he did not receive audita querela relief; using audita querela to vacate an alien's 24-year-old tax evasion conviction so that the alien could take advantage of amnesty rights granted under the Immigration Reform and Control Act of 1988, title 8 U.S.C. §1255(a)); and United States v. Ghebreziabher, 701 F.Supp. 115, 116-17 (E.D.La. 1988)(using audita querela to vacate one of three food stamp convictions so that alien would be eligible for amnesty rights).  The harsh consequences of the denial of a Sixth Amendment right to a jury trial, thereby sine qua non the creation of an equitable remedy to correct gross unfairness entitled to Petitioner's claims as set forth herein.

3

## RELEVANT FACTS

The government secured and caused to be entered the judgment against Petitioner of    540 **months**        without the possibility of parole.  Said judgment was affirmed by the appellate court.

The claim and cause of action of the Petitioner upon which this action was presented in full settlement and satisfaction, to wit:

> a.)  Prior to the entry of the judgment under the law, the Guidelines were mandatory and played a significant role in the imposition of a defendant's judgment in a criminal case, thus, resulting in mandatory sentences not authorized by the jury's verdict.

> b.)  Subsequent to the appellate court's decision, this Court held that pursuant to the Supreme Court's instructions in <u>United States v. Booker</u>, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)(citing <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000)), judges are constitutionally unqualified to decide whether a defendant is eligible for a aggravated crime(s) or mandatory sentence(s) not authorized by the jury's verdict.

## TWO PRONG REQUIREMENT

Most Circuits require a petitioner to (1) point out legal defect in the underlying judgment and (2)

demonstrate that such legal defect is not redressable pursuant to another post-conviction remedy.  Cf. <u>United States v. Holder</u>, 936 F.2d 1, 3 (1st Circuit 1991) 1|.

### (i) LEGAL DEFECT

The <u>Booker/Fanfan</u> Opinion(s) was the culmination of a series of decisions explicating the requirements of the Sixth Amendment in the context of sentencing.  See <u>Booker</u>, supra. The Supreme Court viewed the aggravating factors set forth in the Guidelines "Enhancement Chapters" as elements, which the Court determined are subject to the reasonable doubt requirement of the Due Process Clause and the right to a jury determination under the Sixth Amendment.  Id. "Substantive Opinion".  In the "Remedy Opinion", the Court ruled that implementation of the Substantive Opinion required that two provisions of the Sentencing Reform Act of 1984 [i.e., 18 U.S.C. §§ 3553(b)(1) and 3742(e)] be severed and excised. <u>Booker</u>, 125 S.Ct. at 764. Because these two provisions were incompatible with the Federal Constitution, it required mandatory application of the Federal Guidelines, thus violating the Sixth Amendment.

The legal defect in the judgment in this instance can

---

1| Because <u>Holder</u> was decided prior to the "AEDPA", the petitioner urges this Court not to construe his adherence to the <u>Holder</u> two prong test as an attack upon the legality of sentence. Rather, the Court should allow petitioner to point out the legal defect in the judgment to satisfy the first prong of the test.

be identified in two apparent means.  First, a sentencing
judge would violate the Sixth Amendment by making factual
findings and statutorily enhancing a sentence above the appli-
cable range to facts found by a jury or admitted by a defendant.
This is legal error that occurred in the instant case [as
the Supreme Court made clear in its Substantive Opinion in
Booker].  Secondly, a sentencing judge would commit procedural
error in applying mandatory applicable Guidelines range based
solely on facts found by a jury or admitted by a defendant.
The Court in its Remedy Opinion made clear that, even though
the resulting sentence would not violate the Sixth Amendment,
the judge would have erred by mandatorily acting under the
now-excised requirement of subsection 3553(b)(1).  A sentence
explicitly based upon a nonexistent statutory provision,
even if 'reasonable' in length, constitutes error because
of the lawful method in which it was selected.  United States
v. Crosby, 397 F.3d 103, 115 (2nd Circuit 2005).  [It was
presumably this type of error that prompted the Supreme Court
to remand the sentence in Fanfan's case in its Remedy Opinion
in Booker.]

### (ii) LEGAL OBJECTION IS NOT REDRESSABLE
### PURSUANT TO ANOTHER POST-CONVICTION REMEDY

To this date, all Circuits to address the issue have
held Booker not cognizable under 28 U.S.C. §§ 2255 and 2241.

Thus, Petitioner is foreclosed from bringing his <u>Booker</u> legal objection pursuant to §§ 2241, 2244 or 2255. Compare, <u>Munoz v. United States</u>, Case No. 02-1846 (1st Circuit 4/15/05), noting <u>Apprendi</u>, 530 U.S. 430 (2000), not retroactive on collateral review. Therefore, <u>Booker</u> itself does not give any clear indication that retroactive effect is intended. Id. Slip Op., at 8. Nor, can the government point to any other post-conviction remedy that would allow Petitioner to redress such legal objection.

## CONCLUSION

Petitioner humbly seeks relief against the consequences of the criminal judgment; where a refusal to grant such relief would completely strip him of access to newly created rights which he would otherwise evidently be entitled to as a matter of law. For the foregoing reasons, Petitioner prays that this Honorable Court grant the instant application and mitigate the consequences of the underlying judgment to prevent a miscarriage of justice.

Respectfully submitted,

_Clinton J. Cox_
Clinton Cox, pro-se

7

# CERTIFICATE OF SERVICE

I, Clinton Cox _____, hereby certify that I have served a true
and correct copy of the foregoing:

Application for Writ of Audita Querela

Which is deemed filed at the time it was delivered to prison authorities for forwarding to
the court, Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the court and parties to
litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage
prepaid envelope addressed to:    James J. Finnerty

Office of the U.S. Attorney
District of Connecticut
   915 Lafayette Boulevard
   Bpt Conn 06604

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this ___14___, day of ___Oct.___, 2005.

                                                    Respectfully Submitted,

_M. Nicholas, Case Manager_   10-14-05                    Clinton Cox, pro-se
Authorized by the Act of
July 7, 1955, as amended, to                     REG. NO. _13883-014_
administer oaths, (18 USC 4004).