UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM. NO. 3:00CR69(AHN) |
| | : | CIV. NO. 3:04CV1383(AHN) |
| | : | |
| v. | : | |
| | : | |
| | : | December 5, 2005 |
| CLINTON COX | : | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S APPLICATION FOR WRIT OF AUDITA QUERELA

On January 23, 2001, a jury convicted Clinton Cox (the "defendant) of violating numerous federal narcotics and firearms laws. On September 12, 2001, the Court sentenced the defendant to a term of imprisonment of 540 months. On March 19, 2003, the Court of Appeals for the Second Circuit affirmed the defendant's conviction. See United States v. Cox, 324 F.3d 77 (2d Cir. 2003) On October 6, 2003, the Supreme Court denied the defendant's petition for a writ of certiorari. See United States v. Cox, 124 S. Ct. 143 (2003).

On approximately January 20, 2004, the defendant forwarded to the Clerk of the Court a motion pursuant to Fed. R. Crim. P. 33 requesting a new trial on Count Eight of the Superseding Indictment, which alleged that he violated 18 U.S.C. § 924(c) on March 19, 1999. That motion is still pending.

On approximately August 9, 2004, the defendant forwarded to the Clerk of the Court a petition pursuant to 28 U.S.C. § 2255. In his petition, the defendant asserted three grounds for relief,

including that Blakely v. Washington requires that the district court vacate his sentence. The defendant's petition is still pending.

On approximately October 14, 2005, the defendant applied to the district court for a writ of audita querela. In his application, he claims that he is entitled to the writ because he would not otherwise be entitled to relief under 28 U.S.C. §§ 2255 and 2241.

The Government opposes the defendant's application. The writ of audita querela does not afford the defendant any remedy for his claims.

"At common law, the writ of audita querela permitted a judgment debtor to obtain equitable relief from a legal judgment because of some defense or discharge arising after the entry of the judgment." United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001). Federal Rule of Civil Procedure 60(b) expressly abolished the use of the writ of audita querela in civil cases. "The writ, or a modern equivalent, at least potentially survives in the federal criminal context, however, under the Supreme Court's decision in United States v. Morgan, 346 U.S. 502 (1954), and the All Writs Act, 28 U.S.C. §1651(a)." Id.

The All Writs Act states:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary of appropriate in aid of their respective jurisdictions and agreeable to the

      usages and principles of law.

      28 U.S.C. § 1655.

The decision in Morgan "stands for the proposition that the common law writs, such as . . . audita querela, are available to fill the interstices of the federal postconviction remedial framework." Valdez-Pacheco, 237 F.3d at 1079. Nonetheless, the Second Circuit has held that "audita querela is not available when the relief sought is available through another post-conviction remedy. See United States v. Durrani, 294 F.Supp.2d 204, 217 (D. Conn 2003), aff'd, 115 Fed.Appx. 500 (2nd Cir. 2004). "The Fourth, Fifth, Seventh, Ninth, and Tenth Circuits have determined likewise that a federal prisoner may not use the writ of audita querela where postconviction relief is available through § 2255." United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005). See United States v. Banda, 1 F.3d 354, 356 (5th Cir. 1993); United States v. Kimberlin, 675 F.2d 866, 869 (7th Cir. 1982); Valdez-Pacheco, 237 F.3d at 1080; United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002). Indeed, the Seventh Circuit has held that "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255, is a motion under § 2255, no matter what title the prisoner plasters on the cover." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004). "[T]o allow a petitioner to avoid the bar against successive § 2255 petitions by simply styling a petition under a different name would severely erode the

procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255." Torres, 282 F.3d at 1246

The defendant already has filed a section 2255 motion, which is pending before the district court. To escape this fact, however, the defendant claims that he is ineligible for relief pursuant to section 2255 because the federal court's uniformly have held that Booker does not apply on collateral review. Cf. Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005)(holding that Booker does not apply to collateral review of a defendant's conviction which was final as of January 12, 2005). The defendant's claim still fails, however.

A defendant may not use a writ of audita querela to request relief based on a post-judgment change of law even if the defendant is prevented from raising the change in law in a section 2255 action. See United States v. Ayala, 894 F.2d 429 n. 8 (D.C. Cir. 1990); Kimberlin, 675 F.2d at 869. Applying that principle, a defendant may not use the writ of audita querela to seek retroactive application of Booker, and thus avoid the federal courts' refusal to apply Booker retroactively on collateral review. See, e.g., Rodriquez-Calderon v. United States, 2004 WL 2467913, at *2 (E.D. Mo. Oct. 6, 2005)(denying writ); Finley v. United States, 2005 WL 1474113, at *2 (E.D. Mo. June 14, 2005)(denying writ); United States v. Wrenn, 2005 WL 1389060, at *2(D. Or. May 10, 2005)(construing application as section 2255 and denying).

In conclusion, the Government respectfully requests that the court deny the defendant's application.

>Respectfully submitted,
>
>KEVIN J. O'CONNOR
>UNITED STATES ATTORNEY
>
>JAMES J. FINNERTY
>ASSISTANT UNITED STATES ATTORNEY
>United States Attorney's Office
>United States Courthouse
>915 Lafayette Boulevard
>Bridgeport, CT 06604
>Tel: (203) 696-3000
>Federal Bar No. CT15203

<u>CERTIFICATION OF SERVICE</u>

This is to certify that a copy of the foregoing has been mailed via First Class Mail, postage prepaid, on December 5, 2005 to:

Clinton D. Cox
Inmate No. 13883-014
USP Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

>_____
>JAMES J. FINNERTY
>ASSISTANT UNITED STATES ATTORNEY