UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2005 DEC -5 P 4: 42
US DISTRICT COURT
BRIDGEPORT CT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM. NO. 3:00CR69(AHN) |
| | : | CIV. NO. 3:0... |
| v. | : | |
| | : | |
| CLINTON COX | : | December 5, 2005 |

**GOVERNMENT'S RESPONSE TO NEW AUTHORITY CITED BY DEFENDANT IN SUPPORT OF DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

On approximately August 9, 2004, the defendant forwarded to the Clerk of the Court a petition pursuant to 28 U.S.C. § 2255. In his petition, the defendant asserts three principal grounds in support of his motion. The Government has addressed those claims in earlier pleadings.

On approximately October 14, 2005, the defendant forwarded to the Clerk of the Court a letter citing allegedly new authority in support of his pending motion under 28 U.S.C. § 2255. In his motion, the defendant cites United States v. Cordoba-Murgas, 422 F.3d 65 (2nd Cir. 2005). There, the Second Circuit held that, if a defendant has been indicted for a narcotics offense involving an unspecified quantity of narcotics, the defendant cannot be sentenced above the statutory maximum for an indeterminate quantity of drugs as established in 21 U.S.C. § 841(b)(1)(C) even where the defendant admits the quantity of narcotics during a plea allocution.

Cordoba-Murgas, however, does not apply here. Here, the defendant was charged in a Superseding Indictment with conspiring to possess with the intent to distribute and to distribute *fifty grams or more* of cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1)(Count One) and three counts of possessing with the intent to distribute and distribution of cocaine base in violation of 21 U.S.C. §841(a)(1) (Counts Four, Seven, and Ten). A jury convicted him after trial of each of those offenses and specifically found that the defendant conspired to possess with the intent to distribute and to distribute fifty grams or more of cocaine base. As a result of the jury's verdict and the Government's filing of a notice of its intent to seek enhanced penalties pursuant to 21 U.S.C. § 851, the defendant was subject to a term of imprisonment of a mandatory minimum term of twenty years and a statutory maximum term of life pursuant to section 841(b)(1)(A). The district court thus sentenced him within the statutory maximum set forth in section 841(b)(1)(A).

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

JAMES J. FINNERTY
ASSISTANT UNITED STATES ATTORNEY
United States Attorney's Office
United States Courthouse
915 Lafayette Boulevard
Bridgeport, CT 06604
Tel: (203) 696-3000
Federal Bar No. CT15203

**CERTIFICATION OF SERVICE**

    This is to certify that a copy of the foregoing has been mailed via First Class Mail, postage prepaid, on December 5, 2005 to:

Clinton D. Cox
Inmate No. 13883-014
USP Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

JAMES J. FINNERTY
ASSISTANT UNITED STATES ATTORNEY