UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT    FILED

CLINTON COX,

      Petitioner:

v.

UNITED STATES OF AMERICA,

      Respondent:

2005 DEC 27 P 4: 27

Criminal No. 3:00-CR-69(AHN)

Civil No. 3:04-CV-1383(AHN)

REPLY TO GOVERNMENT'S RESPONSE TO NEW AUTHORITY CITED
IN SUPPORT OF PETITIONER'S § 2255 MOTION

Now comes, the Petitioner, Clinton Cox, pro-se (Hereinafter, "Petitioner") and hereby submits the instant reply to the Government's Response to New Authority Cited in Support of Petitioner's § 2255 Motion. In support thereof, it is stated as follows:

The government opposes Petitioner's new authority cited in support of his section 2255 motion to vacate, set aside or correct sentence by stating, **Cordoba-Murgas**, "does not apply here." The district court sentenced Petitioner within his statutory maximum set forth in section 841(b)(1)(A) (Government's Response, at page 2).

Here, Petitioner contends that the error in **Cordoba-Murgas**, can be viewed in one of two ways: (1) Either Petitioner was improperly sentenced to a greater penalty than the one authorized by the jury's verdict for the crime of which he was justly convicted. That is, a jury convicted him of conspiring to possess with the intent to distribute and to distribute fifty grams - it was the judge who found the aggravated crime of more than 50 grams. See **United States v. Crosby**, 397 F.3d 103 (2nd Cir. 2005); and (2) as set forth in Petitioner's § 2255 motion, "willful membership is a crucial element of the charge of conspiring to possess with intent to distribute

cocaine" see **United States v. Velez**, 652 F.2d 258 (1981). However, Petitioner's indictment did not allege he was a "willing" participant and that the conspiracy was "willfully" formed. But, the jury was instructed on these elements and submitted a unanimous verdict that the Petitioner "willfully" conspired. As in **Cordoba-Murgas**, (citing, **United States v. Macklin**, 523 F.2d 193, 196 (2nd Cir. 1975)), the instant case, involves a situation where the Grand Jury had returned an indictment but the Court improperly extended its terms. That is, Petitioner is convicted of a crime not charged in his indictment. The indictment did not charge that Petitioner's conduct was "willful." Thus, it is clear that the Grand Jury did not find he "willfully" did anything.

## Conclusion

In conclusion, Petitioner respectfully requests that this Honorable Court make the new authority a part of the record and consider it in his pending § 2255 motion.

Respectfully submitted,

CLINTON COX, PRO-SE LITIGANT

12-22-05

# CERTIFICATE OF SERVICE

I, __Clinton Cox, pro-se__ , hereby certify that I have served a true and correct copy of the foregoing: "Reply to Government's Response to New Authority Cited in Support of Petitioner's § 2255 Motion"

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

James J. Finnerty
U.S. Courthouse
915 Lafayette Boulevard
Bpt, Conn   06604

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this __22nd__ day of __December,__
2005

Respectfully Submitted,

REG. NO. __13883-014__

C. Rothermel, Case Manager
Authorized by the Act of July 7, 1995,
as amended, to administer oaths (18 USC 4004).