UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

CLINTON COX,

    Petitioner:

v.

UNITED STATES OF AMERICA,

    Respondent:

Crim. No. 3:00-CR-69(AHN)
Civ. No. 3:04-CV-1383(AHN)

2005 DEC 27  P 4: 27

U.S. DISTRICT COURT
BRIDGEPORT, CONN.

REPLY TO GOVERNMENT'S RESPONSE TO PETITIONER'S APPLICATION
FOR WRIT OF AUDITA QUERELA

    Now comes, the Petitioner, Clinton Cox, pro-se (Hereinafter, "Petitioner") and hereby submits the instant reply to the Government's Response to Petitioner's Application For Writ of Audita Querela. In support thereof, it is stated:

    The Government opposes the Petitioner's application for writ of audita querela claiming that: (1) "Audita Querela is not available when the relief sought is available through another post-conviction remedy" (Government's response, at page 3, citing <u>United States v. Durrani</u>, 294 F.Supp.2d 204, 217 (D. Conn. 2003); and (2) the Petitioner should not be allowed to escape the procedural restraints imposed under 28 U.S.C. § 2244(b)(3) and § 2255. (<u>Id</u>. at page 3-4).

    First, Petitioner contends that the Supreme Court's decision in **Booker** significantly altered the sentencing regime that has existed since the Guidelines became effective on November 1, 1987. The Court's two-part decision consists of an opinion by Justice Stevens adjudicating the merits of the Sixth Amendment issue ("Substantive Opinion"), and an opinion by Justice Breyer setting forth the remedy ("Remedy Opinion").

The Government overlooks that there was two errors in the <u>Booker</u> opinion. First, and most obviously, a sentencing judge would violate the Sixth Amendment by making factual findings and mandatorily enhancing a sentence above the range applicable to facts found by a jury.

Second, and less obviously, a sentencing judge would commit procedural error by mandatorily applying the applicable Guidelines range that was based solely on facts found by a jury. The Court in its remedy opinion made clear that, even though the resulting sentence would not violate the Sixth Amendment, the judge would have erred by mandatorily acting under the now-excised requirement of 18 U.S.C. § 3553(b)(1).

That is, a sentence explicitly based upon a non-existent statutory provision, even if "reasonable" in length, constitutes error (although possibly harmless error" or not plain error"). Because of the unlawful method by which it was selected. See, <u>United States v. Crosby</u>, 397 F.3d 103, 114-15 (2nd Cir. 2005).

In sum, it is here where there is no available post-conviction remedy to be heard on the unlawful method used in selecting Petitioner's sentence, that must be addressed under a writ of Audita Querela. Unlike, the first error the Sixth Amendment violation can be addressed under a § 2255 motion.

In conclusion, Petitioner respectfully requests that his writ of Audita Querela be granted.

Respectfully submitted,

CLINTON COX, PRO-SE LITIGANT

*Clinton D Cox*   12-22-05

# CERTIFICATE OF SERVICE

I, _Clinton D Cox_, hereby certify that I have served a true and correct copy of the foregoing: _Write of Audit Overela_

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

_James J. Finnerty_
_U.S. Courthouse_
_915 Lafayette Boulevard_
_Bpt Conn 06604_

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this _22nd_ day of _December_, _2005_

Respectfully Submitted,

REG. NO. _13883-014_

C. Rothermel, Case Manager
Authorized by the Act of July 7, 1995,
as amended, to administer oaths (18 USC 4004).