```
                 UNITED STATES DISTRICT COURT
                   DISTRICT OF CONNECTICUT

CLINTON COX,                    :
        Petitioner,              :
                                :    Crim. No. 3:00cr0069 (AHN)
v.                              :    Civ. No. 3:04cv1383 (AHN)
                                :
UNITED STATES OF AMERICA,       :
        Respondent.              :
```

## RULING ON MOTION FOR A NEW TRIAL AND PETITION FOR WRIT OF AUDITA QUERELA

On January 23, 2001, a jury convicted petitioner Clinton Cox of numerous federal narcotics and firearms charges, and the court sentenced him to a term of imprisonment of 540 months. Cox brings two motions for a new trial [Dkt ## 198, 217] under Fed. R. Crim. P. 33, based on evidence he claims to have discovered that casts doubt on his convictions, and a petition for a writ of audita querela [Dkt # 227]. Cox's motions are meritless and are hereby DENIED.

In his motions for a new trial, Cox maintains that the government knowingly permitted Thomas Marazita and Frank D'Andrea to testify falsely at his trial. In support of this contention Cox submitted a letter from the gun manufacturer Sturm, Ruger & Co, Inc., purporting to list the shipment dates of two guns with certain serial numbers. The government established that the letter had been altered, and the court ordered Cox to show cause why it should not summarily dismiss his Rule 33 motions for attempting to perpetrate a fraud on the court. Cox's response that the letter "speaks for itself and is what it is" is wholly

inadequate, and therefore his motions for a new trial are dismissed.

 Cox also petitions the court for a writ of audita querela on the grounds that his sentencing violates United States v. Booker, 543 U.S. 220 (2005). The Second Circuit has held that the common law writ of audita querela is only available where there is a legal objection to a conviction that has arisen after the conviction and "is not redressable pursuant to another post-conviction remedy." United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995). The reality that Booker is not retroactive to convictions that became final before January 12, 2005, see Guzman v. United States, 404 F.3d 139, 142-43 (2d Cir. 2005), and thus is not applicable to Cox's sentencing, however, does not mean that he lacks a post-conviction avenue to pursue this claim. Cox may still raise his Booker challenge in a second petition for habeas corpus under 28 U.S.C. § 2255, so long as he applies to the Second Circuit for authorization to do so under 28 U.S.C. § 2244(b)(3). When a petitioner may still avail himself of § 2255, he may not challenge his conviction collaterally by a writ of audita querela.[1] See United States v. LaPorta, 20 F. Supp. 2d 530, 533 (W.D.N.Y. 1998).

---

[1] Cox has filed a petition for habeas corpus [Dkt # 212], which remains pending. The resolution of that petition is not affected by the court's denial of Cox's motions for a new trial and his petition for a writ of audita querela.

For the foregoing reasons, Cox's motions for a new trial [Dkt ## 198, 217] and petition for a writ of audita querela [Dkt # 227] are denied.

So ordered this 15th day of February, 2006, at Bridgeport, Connecticut.

_____/s/_____

Alan H. Nevas,
United States District Judge