UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

CLINTON COX,

    Petitioner:

v

UNITED STATES OF AMERICA,

    Respondent:

Case No    3:00-CR-0069(AHN)

3:04-CV-1383(AHN)

2006 MAR -2 P 12: 49

U.S. DISTRICT COURT
BRIDGEPORT. CONN

### NOTICE OF APPEAL/MOTION TO ALTER OR AMEND JUDGMENT

COMES NOW, the Petitioner, Clinton Cox, pro-se (Hereinafter, "Petitioner") and hereby (1) appeals to the United States Court of Appeals for the Second Circuit from the decision denying Petitioner's Motion For A New Trial;  and (2) Request For Reconsideration on his Petition For Writ of Audita Querela pursuant to Federal Rules of Civil Procedure, Rule 59(e)   In support of, it is stated:

#### Discussion

Reconsideration:

    A motion to alter or amend judgment is brought under Fed  R Civ  P  59(e), and must be filed no later than ten (10) days after entry of the judgment   The judgment in this case under consideration is dated February 16, 2006.  Petitioner received said judgment on February 19, 2006, with a United States postage date of February 17, 2006   (See, envelope attached hereto)   Thus, the instant motion dated February 24, 2006, is filed timely

    Reconsideration is warranted only where controlling law has changed, new evidence is available, clear error must be corrected, or manifest injustice prevented. **Bartz v. Agway**, **849 F.Supp. 166-67 (N.D.N.Y. 1994)** (citation omitted).  The rules for reconsideration are strickly construed to avoid repetitive arguments on issues

that have been fully considered by the court. <u>O'Brien v. Board of Educ. of Deer Park Union Free School District</u>, 127 F.Supp.2d 342, 345 (E.D.N.Y. 2001). A motion for reconsideration is appropriate when the moving party can demonstrate that the court overlooked "controlling decisions or factual matters that were put before it on the underlying motion ... and which, had they been considered, might have reasonably altered the result before the court." <u>Range Road Music, Inc. v. Music Sales Corp.</u>, 90 F.Supp.2d 390, 392 (S.D. N.Y. 2000). A motion for reconsideration is not to be used when a party simply does not agree with the way that the original decision was resolved. <u>In Re Houbigant Inc.</u>, 914 F.Supp. 997, 1001 (S.D.N.Y. 1996). Alternatively, the movant must demonstrate "the need to correct a clear error or prevent manifest injustice." <u>Griffin Indus., Inc. v. Petrojam, Ltd.</u>, 72 F.Supp.2d 365, 368 (S.D.N.Y. 1999).

## Discussion

In denying Petitioner's motion for Writ of Audita Querela, this Court noted, "That <u>Booker</u> is not retroactive to convictions that became final before January 12, 2005; and that Petitioner "may still raise his <u>Booker</u> challenge in a second petition for habeas corpus under 28 U.S.C. § 2255, so long as he applies to the Second Circuit for authorization to do so under 28 U.S.C. § 2244(b)(3)." (See, Court's ruling, dated February 16, 2006, at page 2).

First, Audita Querela is probably available where there is a legal, as contrasted with equitable, objection to conviction that has arisen subsequent to conviction that is not redressable pursuant to another post-conviction remedy. <u>LaPlante v. United States</u>, 57 F.3d 253 (2nd Cir. 1995), in <u>LaPlante</u> the Court properly determined

that collateral relief was not available, because nothing had occurred subsequent to the conviction that remotely created a legal objection to the conviction. Moreover, the Court made clear that authority relied on by the petitioner applied retroactively. **Id.** at 253. Unlike, the case at bar.

Second and finally, this Court overlooked controlling authority from the Supreme Court that supports Petitioner' cannot satisfy the two prongs of 28 U.S.C. § 2244(b)(3). See, **Dodd v. United States**, 162 L.Ed.2d 343 (2005) (one-year limitation period for federal prisoner's motion for relief from sentence under 28 U.S.C. § 2255 on basis of newly recognized right held to begin when right recognized, rather than when right made retroactive). **Id.**

### Conclusion

For all of the foregoing reasons, Petitioner asks this Honorable Court to grant the instant motion to alter or amend the judgment.

Respectfully submitted,

*/s/ Clinton Cox*
CLINTON COX, PRO-SE LITIGANT

### CERTIFICATE OF SERVICE

I, Clinton Cox, hereby certify that I have served a true and correct copy of the foregoing "Notice of Appeal/Motion to Alter or Amend Judgment" which is deemed filed at the time it was delivered to USP-Lewisburg prison authorities for forwarding to the Court, see, **Houston v. Lack**, 101 L.Ed.2d 245 (1988), upon the Court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

United States Attorney For the District of Connecticut
Federal Building & U. S. Courthouse
915 Lafayette Boulevard
Bridgeport, Connecticut 06604

and deposited same in the United States Postal Mail at the USP-Lewisburg, P. O Box 1000, Lewisburg, Pennsylvania 17837.

Signed on this _24_ day of February, 2006.

Respectfully submitted,

*/s/ Clinton Cox/*

CLINTON COX
PRO-SE LITIGANT
Reg. No. 13887014