```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA      :    CRIM. NO. 3:00CR69(AHN)
                              :    CIV. NO. 3:04CV1383(AHN)
                              :
       v.                     :
                              :
                              :    April 3, 2006
CLINTON COX                   :
```

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION CONCERNING THE COURT'S DENIAL OF HIS APPLICATION FOR WRIT OF AUDITA QUERELA

On January 23, 2001, a jury convicted Clinton Cox (the "defendant) of violating numerous federal narcotics and firearms laws. On September 12, 2001, the Court sentenced the defendant to a term of imprisonment of 540 months. On March 19, 2003, the Court of Appeals for the Second Circuit affirmed the defendant's conviction. See United States v. Cox, 324 F.3d 77 (2d Cir. 2003) On October 6, 2003, the Supreme Court denied the defendant's petition for a writ of certiorari. See United States v. Cox, 124 S. Ct. 143 (2003).

On approximately January 20, 2004, the defendant forwarded to the Clerk of the Court a motion pursuant to Fed. R. Crim. P. 33 requesting a new trial on Count Eight of the Superseding Indictment, which alleged that he violated 18 U.S.C. § 924(c) on March 19, 1999. That motion is still pending.

On approximately August 9, 2004, the defendant forwarded to the Clerk of the Court a petition pursuant to 28 U.S.C. § 2255.

In his petition, the defendant asserted three grounds for relief, including that Blakely v. Washington requires that the district court vacate his sentence. The defendant's petition is still pending.

On approximately October 14, 2005, the defendant applied to the district court for a writ of audita querela. In his application, he claimed that he is entitled to the writ because he would not otherwise be entitled to relief under 28 U.S.C. §§ 2255 and 2241.

The Government opposed the defendant's motion for a writ and the Court subsequently denied the writ on approximately February 16, 2006.

On approximately February 24, 2006, the defendant forwarded to the Clerk of the Court a "Notice of Appeal/Motion to Alter or Amend Judgment."

The Government construes the defendant's motion as a motion for consideration and respectfully requests that the Court deny it.

Historically, the writ of audita querela was used by judgment debtors to obtain relief by invoking a legal defense that arose after the court had passed judgment. See United States v. Reyes, 945 F.2d 862, 863 n.1 (5th Cir. 1991). Rule 60(b) of the Federal Rules of Civil Procedure abolished the writ in the civil context. Some members of the defense bar have

recently sought to resuscitate this moribund common-law writ in the criminal arena, particularly to escape immigration consequences such as deportation. Most courts have concluded that there is no gap for audita querela to fill in the panoply of remedies for criminal convictions, since § 2255 provides relief to prisoners in custody and coram nobis is available to those who have been released. See United States v. Kimberlin, 675 F.2d 866, 869 (7th Cir. 1982); Reyes, 945 F.2d at 865 n.5; INS v. Doe, 120 F.3d 200, 204 n.5 (9th Cir. 1997); United States v. Ayala, 894 F.2d 425, 429 (D.C. Cir. 1990) ("the traditional writ of audita querela adds nothing to these two forms of relief [§ 2255 and coram nobis]"). Absent some necessity, then, the All Writs Act does not justify reviving audita querela. The Government agrees with the majority view that audita querela is not available to criminal defendants.

The Second Circuit has not yet ruled on this issue, though it has suggested in *dicta* that the writ of *audita querela* might still be available in criminal cases. "Audita querela is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995) (holding that even if *audita querela* were still available, petitioner would not deserve relief) (citing

3

United States v. Holder, 936 F.2d 1,2 (1st Cir. 1991) ("assum[ing], without deciding, . . . that the writ of audita querela may still be available in appropriate circumstances in criminal proceedings")); see also United States v. Tablie, 166 F.3d 505, 507 (2d Cir. 1999) (holding that audita querela relief would not lie for purely equitable grounds); United States v. Triestman, 124 F.3d 361, 380 n.24 (2d Cir. 1997) (declining to address viability of audita querela).

The defendant already has filed a section 2255 motion, which is pending before the district court. To escape this fact, the defendant claims that he is ineligible for relief pursuant to section 2255 because the federal court's uniformly have held that Booker does not apply on collateral review. Cf. Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005)(holding that Booker does not apply to collateral review of a defendant's conviction which was final as of January 12, 2005). The defendant also claims that Dodd v. United States, 125 S. Ct. 2478 (2005), prevents him from seeking redress if the Supreme Court one day makes Booker retroactive. The defendant's claim still fails, however.

The scope of relief available under audita querela, assuming the writ still exists, is quite limited. A defendant may not use a writ of audita querela to request relief based on a post-judgment change of law even if the defendant is prevented from raising the change in law in a section 2255 action. See United

4

States v. Ayala, 894 F.2d 429 n. 8 (D.C. Cir. 1990); Kimberlin, 675 F.2d at 869.  Applying that principle, a defendant may not use the writ of audita querela to seek retroactive application of Booker, and thus avoid the federal courts' refusal to apply Booker retroactively on collateral review.  See Rodriquez-Calderon v. United States, 2004 WL 2467913, at *2 (E.D. Mo. Oct. 6, 2005)(denying writ);  Finley v. United States, 2005 WL 1474113, at *2 (E.D. Mo. June 14, 2005)(denying writ); United States v. Wrenn, 2005 WL 1389060, at *2(D. Or. May 10, 2005)(construing application as section 2255 and denying).

   To support his motion for reconsideration, the defendant points to LaPlante, 57 F.3d 252, 253 (2d Cir. 1995).   There, the Second Circuit stated that "[a]udita querela is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy."  LaPlante, 57 F.3d at 253 (holding that, even if audita querela were still available, petitioner would not deserve relief).  It declined to issue the writ, however.

   Here, no interstitial gap in the federal postconviction remedial framework exists, as both section 2255 and 28 U.S.C. § 2241 provide avenues for the defendant to seek redress.  It is the underlying right sought that is not available to the defendant pursuant to Teague v. Lane and the defendant may not

5

rely on the writ of audita querela to escape that fact. <u>See</u> <u>Tobias</u>, 2006 WL 287197, at *1 (D. Conn. Feb. 7, 2006)(denying writ).

In conclusion, the Government respectfully requests that the court deny the defendant's motion for reconsideration.

          Respectfully submitted,

          KEVIN J. O'CONNOR
          UNITED STATES ATTORNEY


          JAMES J. FINNERTY
          ASSISTANT UNITED STATES ATTORNEY
          United States Attorney's Office
          United States Courthouse
          915 Lafayette Boulevard
          Bridgeport, CT 06604
          Tel: (203) 696-3000
          Federal Bar No. CT15203

<u>CERTIFICATION OF SERVICE</u>

This is to certify that a copy of the foregoing has been mailed via First Class Mail, postage prepaid, on April 3, 2006 to:

Clinton D. Cox
Inmate No. 13883-014
USP Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

          _____
          JAMES J. FINNERTY
          ASSISTANT UNITED STATES ATTORNEY