IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

CLINTON COX,
    Petitioner,

-vs-

UNITED STATES OF AMERICA,
    Respondent.

Re Case No.: 3:04CV1383(AHN)

3:00cr69 (AHN)

Motion For Leave To Amend Petitioner's 28 U.S.C. § 2255 Petition To Vacate, Set Aside, or Correct Sentence Pursuant To Federal Rule of Civil Procedure, Rule 15(c) To Prevent Further Injustice.

---

### Introduction

As a matter of introduction, now into Court Comes, the said Petitioner Mr. Clinton Cox, Appearing before this Honorable Court as a pro-se litigant and respectfully moves this Honorable Court for permission to file an amendment to his initial 28 U.S.C. § 2255 Motion To Vacate, Set Aside, or Correct Sentence, pursuant to F.R.C.P., Rule 15(c). However, in the interest of justice a motion for leave to amend shall be freely given when justice so requires.

### Procedural History

Petitioner's initial § 2255 motion to vacate, set aside, or correct sentence was filed on or about August 9th, 2004. The Government submitted a motion representing the government's response to defendant's motion pursuant to 28 U.S.C. § 2255.

However, Movant submits this motion to amend his initial § 2255 so that he would be allowed to prevent further injustice upon the said district court.

1

Reasons For Granting Movant's Request To File A

Motion To Amend His Initial § 2255

---

Reason Number One

Movant Is Actually Innocent of the Government's theory that Mr. Cox uses a firearm by simply paying someone (Mr. Thomas Marazita) in drugs for purchasing him a firearm because he lacked a legal permit/license to carry his personal business out on his own without the help of another.

Reason Number Two

In light of Bailey, Petitioner was not guilty of violating 18 U.S.C. § 924(c)(1). Because the Supreme Court made clear that "Use" in 924(c)(1) meant "An Active Employment of the Firearm By The Defendant.

Reason Number Three

Whether or not Mr. Cox could be subjected to the Enhanced Punishment Under 18 U.S.C. § 924(c)(1) where here in Petitioner's Case he never committed a crime by the use of a deadly or dangerous weapon or device for which he may be prosecuted in a court of the United States.

Reason Number Four

Petitioner's Sentence Enhancement Under the Crack Cocaine Guidelines should be set aside and corrected in view of the Sixth Amendment Right to a jury trial clause.

Standard Of Review

Issue 1

Movant is actually innocent of violating 18 U.S.C. § 924(c)(1) under the Government's theory that Mr. Cox uses a firearm by simply paying someone (Government's Star Witness

2

Mr. Thomas Marazita) in drugs for purchasing him a firearm because he lacked a legal permit/license to carry his personal business out on his own without the help of another.

---

The evidence adduced at trial to sustain the § 924(c)(1) counts in the indictment consisted primarily of the testimony of the Government's key witness Mr. Thomas Marazita who testified before the court that Mr. Clinton Cox would pay him cash to purchase him firearms because he lacked a permit to due so on his own, and for doing so Mr. Cox would pay him (Mr. Thomas Marazita) in Crack Cocaine for doing him an unlawful favor. Moreover, as to the four 9mm Sturm Rugers, Mr. Marazita testified to the fact that he had conducted "Straw" purchase on behalf of Mr. Cox from Bridgeport - area gun dealers in exchange for Crack Cocaine. Id. at 80-90.

The Law:

Petitioner asserts there was not evidence adduced at trial that Mr. Cox ever "Used" the gun as that term was defined in United States v. Bailey, 133 L.Ed.2d 472, 116 S.Ct. 501 (1995). As explained in United States v. Baker, 78 F.3d 1241, 1245 (7th Cir. 1996):

> The Supreme Court reversed the Circuit Court's decision. The Court held that the D.C. Circuit's "accessibility" and "proximity" standard equated "use" of a firearm and possession. Bailey, 116 S.Ct. at 506. The court held that had Congress intended to punish mere possession of a gun during and in relation to a drug offense, it would have done so. Id. Moreover, such a broad interpretation of "use" rendered the statutory term "carry" superfluous, a result the court rejected. Id. at 507. Instead, the court held that to be convicted of use of a firearm under § 924(c)(1), the prosecution must show "that the defendant actively employed the firearm during and in relation to the predicate crime." Id. at 509. Such active use includes

3

>  brandishing, displaying, bartering, striking with,
>  firing, attempting to fire, or even referring to a
>  firearm in one's possession. Id. at 508. But, the
>  court held, "the inert presence of a firearm without
>  more, is not enough to trigger § 924(c)(1)... A
>  defendant cannot be charged under 924(c)(1) merely
>  for storing a weapon near drugs or drug proceeds. Id.
>  Bailey also distinguished "use of a firearm" from
>  "carrying" a firearm within the meaning of § 924(c)(1).
>  The Court stated that "the 'carry' prong of § 924(c)(1)
>  ...brings some offenders who would not satisfy the 'use'
>  prong within the reach of the statute." Id. at 509.

In the case at bar, the operative facts demonstrate that sometime in the summer time of 1998 Mr. Cox had paid the government's key witness Mr. Thomas Marazita in the form of drugs for the purchasing of four 9mm Sturm Ruger hand guns. The evidence at trial also showed that Mr. Cox would give Mr. Marazita the Cash to pay for every gun that Mr. Marazita would purchase for him, and once the gun would arrive at the gun shop, he would than pay Mr. Marazita 50 dollars in Cocaine for doing him an unlawful service.

Petitioner asserts that under United States v. Bailey, Supra the evidence does not support a verdict that he "used the gun" as nothing in the record demonstrates that he brandished or displayed it, bartered for or with it, or even referred to it. The question then becomes whether the gun was "carried" or "possessed" within the meaning of 924(c)(1).

Petitioner asserts that the evidence was insufficient to sustain the conviction on the basis of carrying or possessing. To support carrying, "it is the possession of the firearm coupled with the affirmative act of transporting it during and in relation to a drug trafficking crime that precipitates liability under § 924(c)(1)." See, Reyes - Requena v. U.S., 243 F.3d 893 (5th Cir 2001).

4

In the instant case, no evidence was elicited as to the precise location or the position of the gun talked about during the trial proceedings, in fact there was no guns recovered at all on behalf of the Government's theory that Mr. Cox used or carried a firearm during in relation to a drug trafficking crime. It therefore, could not be used, carried or possessed for any purpose. However, Mr. Cox urges that merely because a person pays someone in the form of drugs for the purchasing of a firearm, without further evidence relative to location, position and accessibility, deprives the jury of facts upon which they could find beyond a reasonable doubt that Movant is guilty of the offense.

To the extent Mr. Cox cannot be held convicted under § 924(c)(1) for paying Mr. Thomas Marazita in drugs for doing him an unlawful service, where here in his case the Government has failed to establish that Movant did "use" the firearm to support the conviction under § 924(c)(1). See, Reyes - Requena v. U.S., 243 F.3d 893 (5th Cir. 2001).

### Issue II

In light of Bailey, Petitioner Was Not Guilty of Violating 18 U.S.C. § 924(c)(1). Because the Supreme Court made clear that "Use" in 924(c)(1) meant "An Active Employment of the Firearm By The Defendant."

In the case at hand, Mr. Cox is alleging that, in light of Bailey, he was not guilty of violating 18 U.S.C. § 924(c)(1). Because the Supreme Court made clear that "Use" in § 924(c)(1) meant "an active employment of the firearm by the defendant." Bailey, 516 U.S. at 143, 116 S.Ct. 501. Moreover, Mr. Cox argues that the facts of his case would not support his conviction. In

5

addition, his claim is that he has been imprisoned for non-criminal conduct, as acknowledged by Bailey, he meets the actual innocence prong in view of Bousley's holding that Bailey is retroactively applicable on collateral review. In Bousley v. United States, 523 U.S. 614, 118 S.Ct 1604, 140 L.Ed.2d 828 (1998), the Supreme Court held that the retroactivity analysis of Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), did not bar Petitioner's Bailey Claim on collateral review. However, to capture the idea that the incarceration of one whose conduct is not criminal "inherently results in a complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

In the present case, Mr. Cox asserts that he is actually innocent of violating § 924(c)(1) because the evidence during trial is clear that he did not (1) Barter with a firearm, (2) Brandish a firearm, (3) Display a firearm, (4) Striking with a firearm, and (5) Nor did he ever fire or attempt to fire the gun during in relation to a drug trafficking crime. See, Bailey v. United States, 516 U.S. 137 (1995). However, paying someone in drugs for purchasing you a firearm because you don't have a permit/license to do so on your own does not make a person guilty of violating § 924(c)(1); if the gun is not disclosed or mentioned by the offender, then the gun is not actively employed and is not "used" within the meaning of § 924(c)(1).

To this extent Mr. Cox is not guilty of violating 18 U.S.C. § 924(c)(1) in view of Bailey v. United States, 516 U.S. 137, (1995). However, a review of the trial proceedings would support Movant's Claims that he is actually innocent. See Bousley v. United States, Supra.

6

Issue III

Whether Or Not Mr. Cox Could Be Subjected To The Enhanced Punishment Under 18 U.S.C. § 924(c)(1) Where Here In Petitioner's Case He Never Committed A Crime By The Use Of A Deadly Or Dangerous Weapon Or Device For Which He May Be Prosecuted In A Court Of The United States.

---

As a matter of first impression before this Honorable Court, the Petitioner Mr. Cox submits a question to this Court that establish a different scope of review than all case law and the standard of review by the Supreme Court conducted in Bailey v. United States, 516 U.S. 137 (1995). However, the Petitioner feels as though if the question that he has raised within this Petition goes before this Honorable Court un-answered would create a detour around the § 924(c)(1) statute as written by Congress in its entirety. Moreover, a close look at the Congress statute § 924(c)(1), shall not be entertained nor applied to cases where it appears that the drug trafficking crime was not committed by the use and carrying of a firearm during in relation to a drug trafficking crime.

In the case at hand, Mr. Cox stands on the position § 924(c)(1) only provides for an enhanced penalty if the drug trafficking crime it self was committed by the use of a deadly or dangerous weapon or device for which he may be prosecuted in a Court of the United States. In other spoken words, Mr. Cox claims that section § 924(c)(1) does not provide for an enhanced punishment "if the crime is not committed by the use of a deadly or dangerous weapon or device." In the statute itself, the Congress has made it perfectly clear that a conviction for use

7

of a firearm for purposes of 18 U.S.C. § 924(c)(1) — Which requires the imposition of specified penalties on a person who uses or carries a firearm during in relation to any crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device — requires that the drug trafficking crime itself must be committed by the use of the firearm. However, Congress has supported this argument Mr. Cox makes by the language of the statute itself, the context of the entire statute explains within the statute § 924(c)(1) that it only provides for an enhanced punishment "if the crime was committed by the use of the firearm," all of which indicate that the government must show that the crime has been committed by the "use" of the firearm.

Furthermore, Mr. Cox submits that this Honorable Court could follow the same identical approach the Fifth Circuit has done in Reyes - Requena to grant him his relief now sought under the provisions of § 924(c)(1). Moreover, in Reyes - Requena's case the Fifth Circuit held that ("Relief under [§2255] is warranted for any error that occurred at or prior to sentencing.")[quoting United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980)]

To this extent Mr. Cox claims that the core idea of his question presented before this court for the first time is that he may have been imprisoned for conduct that was not prohibited by law. Decisions of the Supreme Court holding that a substantive federal criminal statute does not reach certain conduct... Necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal. Bousley v. United States, 523 U.S. 614 (1998).

Issue IV

Petitioner's Sentence Enhancement Under The Crack Cocaine Guidelines Should Be Set Aside And Corrected In View Of The Sixth Amendment Right To A Jury Trial Clause.

---

The district court committed plain error under Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely, supra. In Apprendi, we held that "other than the fact of a prior Conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S., at 490. In Blakely, we clarified that "the statutory maximum for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." However, in Mr. Cox's case, the court had erred when the trial judge had sentenced him to a term of imprisonment beyond that which the jury's finding could support. In the event, had the district court sentenced Mr. Cox based upon the amount and type of Cocaine base found by the jury, the statutory maximum of the Federal Sentencing Guidelines for his crime would have been 37 months. See, United States Sentencing Commission, Guideline Manual, § 201.7 (Nov. 2001). The district court, however, determined at sentencing that Mr. Cox was responsible for 2,077 grams of Crack Cocaine, thus exposing him to a statutory maximum of life imprisonment. See, Id. § 841(b)(1)(A), this error has affected Mr. Cox's "substantial rights" because the district court over Movant's "sentence objections" ultimately sentenced him to 360 months, a sentence which was substantially greater than the juries verdict would support. See, United States v.

9

Norby, 225 F.3d 105 (9th Cir. 2000)(Apprendi, error affected defendant's substantial right where, because of the court's finding, "he received a sentence five years longer than the maximum he could have received had he been sentenced on the facts as found by the jury".)

Furthermore, it should be noted that this same identical argument addresses the tension between a mandatory minimum sentence and a non-guidelines sentence, the former based solely on the notion that Crack Cocaine dealers should be punished much more severely than Powder Cocaine dealers as a function of relative drug quantity. In short, the sentencing disparity created by the 100:1 ratio presents two significant dilemmas. First, the ratio is binding for one purpose — imposing the ultimate sentence. Second, the Guidelines Sentence, determined primarily by drug quantity, is often inconsistent with section 3553(a) because it is greater than necessary to achieve the goals of sentencing.

To this extent Mr.Cox ask's this Honorable Court to reverse his sentence and sentence him in accordance with the jury verdict, because the type and quantity of drugs were not charged to the jury for a finding of proof beyond a reasonable doubt

### Prayer For Relief

Mr. Cox prays that the court grant him an Evidentiary Hearing on these issues thats raised inside the instant petition for the first time, in view of Wanatee v. Ault, 39 F.Supp2d 1164 (N.D. Iowa 1999).

However, in the present case, the petitioner hash raised several actual innocence claims, which rely on facts concerning outside of the record. Furthermore, if the Court takes the

Petitioner's allegations as true, the Petitioner is entitled to relief. Therefore, at a minimum, a hearing should be held on these claims.

The Petitioner submits that the claims he has raised in the present petition are not frivolous. Therefore, the Petitioner suggests that a studied examination by this court could best occur in an evidentiary hearing. The Petitioner requests that this court, therefore, order an evidentiary hearing to consider that the Petitioner's claims for relief are proper.

### Conclusion

For the above stated reasons and logic, Mr. Cox prays that this Court would grant him his relief sought within the said petition or in the alternative deem whatsoever this Honorable Court feels appropriate.

Respectfully Submitted,

*/s/ Clinton Cox*
Clinton Cox
Reg. No.: 13883-014
USP Lewisburg
P.O. Box 1000
Lewisburg, Pennsylvania
17837

Certificate of Service

The undersigned hereby certifies that a true and correct copy of the foregoing Motion To Amend § 2255 has been duly served upon the following, via U.S. First Class Mail, this _Nov 1_ day of _____ 2006, by placing a copy of the Motion within the Mail Box for mailing to the following: _James J. Finnerty_
United States Attorney and District Clerk Offices For The Central District Of Connecticut.

_____
Clinton Cox   Pro-se
Reg. No.: 13883-014