UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CLINTON A. COX,

    Petitioner:           Case No. 3:04-CV-1383(AHN)

v.                               The Hon. Alan H. Nevas

UNITED STATES OF AMERICA,      3:00cr69(AHN)

    Respondent:

PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT

    NOW COMES, Petitioner, Clinton A. Cox, hereinafter "Petitioner") proceeding pro-se, in the above entitled action, files this motion to Alter or Amend Judgment pursuant to Fed.R. Civ. P. 59(e). For the following reasons, Petitioner asks the Court to alter or amend its' prior judgment. In support of it is stated:

### Discussion

### Reconsideration

    A motion to alter or amend judgment is brought under Fed. R. Civ. P. 59(e), and must be filed no later than ten (10) days after entry of the judgment. The judgment in this case under consideration is dated December 5, 2006. Petitioner received said judgment on December 8, 2006, with a United States Postage date of December 7, 2006. (See, envelope attached hereto). Thus, the instant motion dated December 17, 2006, is filed timely.

    Reconsideration is warranted only where controlling law has changed, new evidence is available, clear error must be corrected, or manifest injustice prevented. **Bartz v. Agway, 849 F.Supp. 166-67 (N.D.N.Y. 1994)** (citation omitted). The rules for reconsideration are strickly construed to avoid repititive arguments on issues that have been fully considered by the court. **O'Brien v. Board of**

Educ. of Deer Park Union Free School District, 127 F.Supp.2d 342, 345 (E.D.N.Y. 2001). A motion for reconsideration is appropriate when the moving party can demonstrate that the court overlooked "controlling decisions or factual matters that were put before it on the underlying motion ... and which, had they been considered, might have reasonably altered the result before the court." Range Road Music, Inc. v. Music Sales Corp., 90 F.Supp.2d 390, 392 (S.D.N.Y. 2000). A motion for reconsideration is not to be used when a party simply does not agree with the way that the original decision was resolved. In Re Houbigant, Inc., 914 F.Supp. 997, 1001 (S.D.N.Y. 1996). Alternatively, the movant must demonstrate "the need to correct a clear error or prevent manifest injustice." Griffin Indus., Inc. v. Petrojam, Ltd., 72 F.Supp.2d 365, 368 (S.D.N.Y. 1999).

### Haines v. Kerner

This Court recognized that pro-se pleadings should be construed in a liberal and deferential manner, citing, Haines v. Kerner, 404 U.S. 519, 520-21 (1972). (See, Mem. Order, at 2).

> "[T]he district court should review habeas petitions with a lenient eye, allowing borderline case to proceed." Williams v. Kullman, 722 F.2d 1048, 1050 (2nd Cir. 1983). When a plaintiff proceeds pro-se, the court must read papers liberally and "interpret them to raise the strongest arguments they suggest." Soto v. Walker, 44 F.3d 169, 173 (2nd Cir. 1995); Sanchez v. National Cleaning Co., 11 F.Supp.2d 453, 454 (S.D.N.Y. 1998) (same)."

### Argument

As an initial matter, here Petitioner respectfully submits that this Honorable Court has overlooked controlling decisions, material factual matters, and clear errors. Such clear errors must be corrected. Bartz v. Agway, 849 F.Supp. at 167.

In Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence, the following claims were raised:

1). That he was entitled to an Evidentiary Hearing to show counsel was ineffective for failure to move for suppression of Tape Recording, Severance, or object to Hearsay Statement;

2). That his sentence was based upon facts not encompassed with the jury's verdict, and beyond the maximum permitted by that verdict;

3). That his Indictment failed to include all the elements of the crime charged and failed to give proper notice; and

4). That Count One failed to charge a crime.

In denying Petitioner's § 2255 motion, the district court failed to give any written reasons for denial of Petitioner's motion. Thus, Petitioner cannot adequately request for a Certificate of Appealability and/or appeal the denial of his motion. Under the law of this Circuit the district courts are required to render decisions in habeas proceedings that are at least sufficiently informative to permit meaningful appellate review. See, **Rudenko v. Costello**, **286 F.3d 51 (2nd 2002)** (The Federal Courts of Appeals have authority to instruct the district courts to include in their rulings sufficient explanations to permit a meaningful evaluation of decisions and meaningful appellate review).

Thus, respectfully, Petitioner requests a memorandum of law and/or Court's Order indicating the independent explanation of this Court's reasons for rejecting the Petitioner's claims. Because absence of such explanation prevents Petitioner, the losing party here from making an intelligent assessement as to whether and what issues to appeal and prevents the Court of Appeals from conducting effective review.

<u>Conclusion</u>

For all the reasons stated herein it is respectfully requested that the instant motion be granted.

Respectfully submitted,

*[signature]*
CLINTON O. COX, PRO-SE LITIGANT

# CERTIFICATE OF SERVICE

I, __Clinton D. Cox, pro-se__, hereby certify that I have served a true and correct copy of the foregoing:

Rule 59(e) Motion

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, <u>Houston vs. Lack</u>, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

United States Attorney's Office
915 Lafayette Boulevard, Room 309
Bridgeport, Connecticut 06604

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this __17th__ day of __December__, 2006

Respectfully Submitted,

_/s/ Clinton D. Cox_
CLINTON D. COX

REG. NO. __13883-014__

## Orders on Motions

3:00-cr-00069-AHN USA v. Cox, et al
BLAKELY, CLOSED

### U.S. District Court

### United States District Court for the District of Connecticut

### Notice of Electronic Filing

The following transaction was entered on 12/5/2006 at 4:30 PM EST and filed on 12/5/2006
**Case Name:** USA v. Cox, et al
**Case Number:** 3:00-cr-69
**Filer:**
**Document Number:** 250(No document attached)

**Docket Text:**
ORDER denying [249] Motion to Amend/Correct § 2255 Motion to Vacate as to Clinton Cox (1) as moot. In this court's [246] Ruling on Pending Motions issued on July 20, 2006, this court already considered and denied petitioner's § 2255 Motion to Vacate. Signed by Judge Alan H. Nevas on 12/05/2006. (La Macchia, B.)

**3:00-cr-69-1 Notice has been electronically mailed to:**

**3:00-cr-69-1 Notice has been delivered by other means to:**

James Joseph Finnerty , III
U.S. Attorney's Office-BPT
915 Lafayette Blvd, Room 309
Bridgeport, CT 06604

USCA
40 Foley Square
New York, NY 10007

UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
915 LAFAYETTE BLVD.
BRIDGEPORT, CONNECTICUT 06604

OFFICIAL BUSINESS

STAMFORD CT 069

07 DEC 2006 PM 26 L



$00.39

