```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF CONNECTICUT

CLINTON COX,                     :
         Petitioner,             :
    v.                           :   Crim. No. 3:00cr69(AHN)
                                 :   Civ.  No. 3:04cv1383(AHN)
UNITED STATES OF AMERICA,        :
         Respondent.             :
```

## RULING ON MOTION TO ALTER OR AMEND JUDGMENT

Now pending before the court is petitioner Clinton Cox's ("Cox") motion to alter or amend [doc. # 251] this court's earlier ruling, which denied as moot a previously filed motion to amend his initial habeas petition. For the reasons set forth below, the court construes the instant motion to alter or amend as a second or successive § 2255 petition, and in so doing, concludes that it was filed without authorization from the Second Circuit and accordingly must be dismissed.

## FACTS AND PROCEDURAL HISTORY

On January 23, 2001, a jury convicted Cox of three counts of possessing with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1); one count of conspiracy to engage in that drug-trafficking, in violation of 18 U.S.C. § 371; and three counts of using and carrying a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). Following Cox's conviction, this court sentenced him to a total term of 540-months imprisonment. The Second Circuit affirmed his conviction and sentence. United

States v. Cox, 324 F.3d 77, 78 (2d Cir. 2003); United States v. Cox, 59 F. App'x 437, 438 (2d Cir. 2003).

Cox thereafter moved to vacate his sentence under 28 U.S.C. § 2255, alleging that his counsel provided ineffective assistance and that United States v. Booker, 543 U.S. 220 (2005), established a "watershed rule" of procedure warranting a change in his sentence. In a July 20, 2006 ruling, this court denied Cox's § 2255 petition. The court further determined that a certificate of appealability would not issue because Cox failed to make a substantial showing of a denial of a constitutional right.

More than three months after that ruling, on November 7, 2006, Cox moved to amend his § 2255 petition to add four more reasons for attacking his conviction and sentence. Three of the new claims related to evidence supporting his conviction under 18 U.S.C. § 924(c) and his sentence under that statute, and the fourth involved a Sixth Amendment claim based on Apprendi v. New Jersey, 530 U.S. 466 (2000).

The court denied that motion to amend, finding that it was moot because the court had already ruled on his § 2255 petition, and thus, there was nothing to amend. Cox now moves to alter or amend the court's ruling on his first motion to amend.

## DISCUSSION

In his present motion, Cox requests that the court grant him

leave to amend his initial § 2255 petition.  He does not provide any explanation for this dilatory amendment, but merely states that it should be granted pursuant to Fed. R. Civ. P. 15(c) because such amendments are "freely" given in the interest of justice.  The court disagrees and concludes that it lacks jurisdiction to consider the four new claims that he asserts in his motion to amend because it was filed without the required authorization from the Second Circuit.

Specifically, under the procedures set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court does not have jurisdiction to entertain a "second or successive" § 2255 petition unless the petitioner has first moved for and received an order from the Second Circuit authorizing the district court to consider the second or successive petition.  28 U.S.C. § 2244(b)(3)(A).

Because Cox's instant motion to amend was filed after the court adjudicated his initial § 2255 petition, it must be considered a second § 2255 petition.  See Ching v. United States, 298 F.3d 174, 177 (2d Cir. 2002) (stating that "for a petition to be second or successive within the meaning of [AEDPA], it must at a minimum be filed subsequent to the conclusion of a proceeding that counts as the first") (internal quotations and citation omitted); Whiting v. United States, No. 97-2033, 1998 WL 1281294, at *2 n.1 (1st Cir. June 26, 1998) (upholding a district court's

dismissal of a post-adjudication motion to amend as a successive petition); see also United States v. Terrell, 141 F. App'x 849, 851-52 (11th Cir. 2005) (upholding a district court's dismissal of a "motion to reopen and reduce sentence" as a successive petition); cf. Whab v. United States, 408 F.3d 116, 119 (2d Cir. 2005) (stating that where a certificate of appealability had been denied pending appeal, there was "no reason . . . to instruct the district court to treat the new petition as a motion to amend the initial petition"). There is no question that Cox filed his motion to amend more than three months after this court ruled on his initial § 2255 petition. In addition, because no certificate of appealability issued from this court and there is no appeal currently pending, the court's denial of Cox's initial petition is a final adjudication. Thus, because Cox seeks to amend a finally adjudicated petition, his current motion to amend is a second § 2255 petition. As such, it is governed by ADEPA's procedural requirements, rather than Rule 15(c).

Thus construed, Cox's second petition must fail because he did not comply with the procedural requirements mandated by AEDPA. See 28 U.S.C. § 2244(b)(3)(A) (requiring the applicant to move the appellate court for an order authorizing the district court to consider the second or subsequent petition). The Second Circuit has not authorized this court to entertain Cox's second petition, and therefore, this court cannot reach the merits of

the claims contained in the proposed amendment.[1]

Nevertheless, even if this court had authorization from the Second Circuit to consider Cox's second § 2255 petition, the court would find his claims untimely. Under AEDPA, a petitioner must file a § 2255 petition within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Under ADEPA, Cox would only be entitled to file a second § 2255 petition if he demonstrated:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Based on the arguments described in Cox's second petition, the court notes that Cox does not appear to have met either of these requirements.

28 U.S.C. § 2255. Cox alleges no new constitutional right recognized by the Supreme Court that has been made retroactive on collateral review, no newly-discovered evidence, or any unconstitutional government impediment that delayed this amendment. Thus, the one-year statute of limitations for filing a habeas petition began to run on the date that Cox's judgment of conviction became final.

A conviction becomes "final for purposes of § 2255 when the Supreme Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Burrell v. United States, 467 F.3d 160, 164 (2d Cir. 2006) (internal quotations and citation omitted). The Supreme Court denied Cox's petition for writ of certiori on October 6, 2003. See United States v. Cox, 540 U.S. 854 (2003). Thus, the one-year time limit expired in late 2003, more than three years before this second petition was filed. Therefore, Cox's successive petition would be time-barred even if it was properly before this court.

## CONCLUSION

For the foregoing reasons, the court construes Cox's motion to alter or amend the court's order [doc. # 251] as a second § 2255 petition and, so construed, it is DENIED. Cox should direct any further collateral challenges to his conviction or sentencing

to the Second Circuit Court of Appeals, as provided in 28 U.S.C. §§ 2244 and 2255.

SO ORDERED this 23rd day of January 2007, at Bridgeport, Connecticut.

/s/ Alan H. Nevas
Alan H. Nevas
United States District Judge