```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

CLINTON COX,                    :
        Petitioner,             :
     v.                         :     Crim. No. 3:00cr69(AHN)
                                :     Civ.  No. 3:04cv1383(AHN)
UNITED STATES OF AMERICA,       :
        Respondent.             :
```

ORDER RE NOTICE OF APPEAL AND CERTIFICATE OF APPEALABILITY

The court now addresses an issue regarding Clinton Cox's ("Cox") notice of appeal [doc. # 264], which seeks appellate review of this court's denial of his motion to amend judgment [doc. # 256]. The court assumes the parties' familiarity with the procedural history underlying the case and only sets forth the history necessary to address the issues surrounding the notice of appeal.

On January 24, 2007, the court issued a ruling on Cox's motion to amend judgment.[1] In its ruling, the court construed the motion as a successive petition pursuant to 28 U.S.C. § 2255 and denied it without addressing the merits because Cox had failed to comply with the procedural requirements of 28 U.S.C. § 2244(b)(3)(A) regarding successive petitions.[2] Five months after the ruling was issued, on May 29, 2007, Cox filed the instant

---

[1] The ruling also considered the arguments raised in Cox's motion to amend his § 2255 petition [doc. # 249].

[2] Section 2244(b)(3)(A) requires that "[b]efore a second or successive [§ 2255 petition] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

notice of appeal. The notice was filed more than thirty days after the court entered judgment, and thus, it was untimely under Rule 4(a)(1)(A). However, in the notice of appeal, Cox states that he did not receive the judgment until May 22, 2007. Accordingly, the court construes the notice of appeal as a motion to reopen the time for filing an appeal under Rule 4(a)(6).[3] See Cordon v. Greiner, 274 F. Supp. 2d 434, 439 (S.D.N.Y. 2003) ("Where a pro se litigant submits a late notice of appeal and alleges that he did not receive notice of the entry of the judgment or order from which he seeks to appeal within 21 days of its entry, that notice should be treated as a motion to reopen the time to file an appeal in accordance with Rule 4(a)(6) . . . ."); Mundy v. Philadelphia Sheriff Dept., No. CIV. A. 96-7925, 1997 WL 408324, at *2 & n.10 (E.D. Pa. July 21, 1997) (construing untimely notice of appeal by pro se litigant as motion to reopen under Rule 4(a)(6) and citing cases).

In order to reopen the time to file an appeal pursuant to Rule 4(a)(6), the court must determine that: (1) the moving party did not receive notice of the judgment within twenty-one days after entry; (2) the motion to reopen was entered within seven days of receiving notice of the judgment, pursuant to Fed. R.

---

[3] Cox cannot benefit from a motion for extension of time to file an appeal under Rule 4(a)(5) because he filed his notice of appeal more than thirty days after the expiration of the appeal period. See Fed. R. App. P. 4(a)(5).

Civ. P. 77(d);[4] and (3) no party is prejudiced by granting the motion. See Fed. R. App. P. 4(a)(6).

The court finds that Cox has met these three requirements and that the time to file an appeal should be reopened. In support of the first requirement, Cox states that he did not receive the judgment until May 22, 2007, approximately 120 days after the judgment entered. The docket does not contain any entry indicating whether a mailing was made in this case, and therefore, the court cannot presume that Cox received notice of the judgment. See Garcia v. United States, No. CV-03-4953(CPS), 2007 WL 1541388, at *2 & n.3 (E.D.N.Y. May 25, 2007). Although the Clerk has no record that any mailing was returned, there is also no evidence that it was forwarded to Cox after it was received by the institution where he is detained.[5] Nevertheless, given the frequency with which Cox has diligently and timely filed as a pro se party in this matter over the years – including

---

[4] Rule 4(a)(6)(B) requires the motion to be filed either within 180 days after the judgment is entered, or within seven days after the moving party receives notice, whichever is earlier.

[5] An official at USP Lewisburg, where Cox is detained, informed the court that the institution keeps a log of legal mail received by inmates and that inmates must sign for such mail. According to the official, however, an envelope sent by a court, as opposed to a judge, would not be deemed legal mail unless the envelope was specifically designated as "legal mail." In Cox's case, the Clerk informed the court that notice of the judgment would have been sent in an envelope lacking any such designation. Therefore, the court is not aware of any record at the institution that could dispute or corroborate Cox's allegation.

timely taking two appeals – and absent contrary evidence, the court credits Cox's statement that he did not receive notice of the judgment until May 22, 2007.  <u>Cf.</u> <u>Garcia</u>, 2007 WL 1541388, at *1 ("While Rule 4(a)(6) puts the burden on the moving party to demonstrate non-receipt, the rule does not mandate a strong presumption of receipt.")(citation omitted).

As to the second requirement, Cox moved to reopen the time for filing an appeal within seven days of actually receiving notice of the judgment.  In particular, the notice of appeal was docketed on May 29, 2007, five days after he received notice of the judgment, as calculated under Fed. R. Civ. P. 6(a).[6]  In addition, his appeal was filed less than 180 days after the judgment entered.  <u>See</u> Fed. R. App. P. 4(a)(6) Advisory Committee Note (2005 Amendment) (stating that "an appeal cannot be brought more than 180 days after entry, no matter what the circumstances").  Therefore, the second requirement of Rule 4(a)(6) is satisfied.

As to the final Rule 4(a)(6) requirement, the court is not aware of any reason the United States would be prejudiced by reopening the time to file an appeal.  <u>See</u> Fed. R. App. P. 4 Advisory Committee Note (1991 Amendment) (defining prejudice as

---

[6] Fed. R. Civ. P. 6(a) prescribes the computation of time used to determine the appropriate seven-day window in which to file a motion to reopen the time to file an appeal.  Because the time prescribed is less than eleven days, computation excludes intermediate weekends, as well as the date of receipt of notice.

"some adverse consequences other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal"). For these reasons, the court reopens the time for Cox to file an appeal.[7]

With regard to the merits of the underlying motion that Cox seeks to appeal, the court notes that Cox has not moved for a certificate of appealability. Nonetheless, in the interest of judicial economy, the court sua sponte finds that Cox has not made a substantial showing of the denial of a constitutional right in his motion to amend judgment [doc. # 251].[8] Accordingly, the court concludes that Cox is not entitled to a certificate of appealability as to the ruling denying the motion to amend judgment [doc. # 256]. See 28 U.S.C. § 2253(c)(2); see, e.g., Muyet v. United States, Nos. 01cv9371, 05cr941, 2005 WL 1337369, at *2 (S.D.N.Y. June 6, 2005) (stating that district

---

[7] By appealing the court's ruling, Cox may be seeking permission from the Second Circuit to file his successive petition, as required by 28 U.S.C. § 2244(b)(3)(A). If the appeal was not pending, this court would transfer the case directly to the Second Circuit pursuant to 28 U.S.C. § 1631 for a determination as to whether Cox is entitled to file a successive petition. See Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996) (stating that a district court "should transfer the [successive] petition . . . to th[e Second Circuit] in the interest of justice pursuant to [28 U.S.C.] § 1631"). However, before transferring the case, the court will await the Second Circuit's ruling on Cox's appeal.

[8] The motion to amend judgment [doc. # 251] references arguments raised in the motion to amend his § 2255 petition [doc. # 249]. The court has considered all of these arguments in denying Cox a certificate of appealability.

courts routinely deny certificates of appealability sua sponte); accord Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons stated in that ruling, the court is not satisfied "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Eltayib v. United States, 294 F.3d 397, 400 (2d Cir. 2002); see Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

## CONCLUSION

For the foregoing reasons, the court construes Cox's notice of appeal [doc. # 264] as a motion to reopen the time to file an appeal and, as such, GRANTS that motion and directs the Clerk to consider the notice of appeal [doc. # 264] timely filed. Further, the court sua sponte DENIES Cox a certificate of appealability as to this court's ruling denying his motion to amend judgment [doc. # 256] because he has not made a substantial showing of the denial of a constitutional right.

SO ORDERED this 13th day of December 2007, at Bridgeport, Connecticut.

                                      /s/
                                Alan H. Nevas
                                United States District Judge