IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2008 MAR 10 P 1:53

CLINTON COX )
    Petitioner, )
)
)
vs. )    CRIMINAL ACTION FILE
)    NO. 3:00-CR-69(AHN)
)
UNITED STATES OF AMERICA, )
    Respondent. /

TITLE 18 U.S.C. § 3582(c)(2) MOTION SEEKING
MODIFICATION OF SENTENCE BASED UPON UNITED
STATES SENTENCING GUIDELINES RETROACTIVE
AMENDMENT 706 REDUCING DRUG QUANITY TABLE

**COMES NOW** the above named Petitioner, who proceeds by and through himself, hereby moves This Honorable Court pursuant to Title 18 U.S.C. § 3582(c)(2), to exercise its supervisory powers and modify Petitioner's sentence based upon The 2007 Retroactive amendment (Amendment **706**). Said amendment reduced the drug quatity table for various cocaine base ("crack") offenses, and to which qualifies Petitioner to receive a 2-point level reduction. As such, Petitioner' would respectfully show unto the court as follows:

PROCEDURAL HISTORY

On January 23, 2001, a jury convicted Petitioner of Three Counts of possessing with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1); One Count of conspiracy to engage in that drug-trafficking, in violation of 18 U.S.C. § 371; and Three counts of using and carrying a firearm during and in relation to adrug-trafficking crime, in violation

1

of 18 U.S.C § 924(c). Following Petitioner's conviction, The Court sentenced him to a total term of 540-months impriosnment. The second circuit affirmed his conviction and sentence. <u>United States v. Cox</u>, 324 F.3d 77, 78(2d Cir. 2003); <u>United States v. Cox</u>, 59 F.App'x 437, 438(2nd Cir. 2003). All post-conviction motion filed by the Petitioner were denied.

Petitioner is currently incarcerated at U.S.P. Lewisburg and now files the foregoing § 3582(c)(2) motion in good faith with great intentions that This Honorable Court exercise its discretion and grant the instant motion to modify his sentence initially imposed upon him.

## LEGAL AUTHORITY

With regards to a defendant's sentence being modified under a retroactive guidelines amendment, Title 18 U.S.C. § 3582(c)(2) states in relevant part: "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by The Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant...., The Court may reduce the term of imprisonment." Id (emphasis added).

The Commission's policy statement on retroactivity is found at U.S.S.G. § 1B1.10, and the amendments The Commission intends to have retroactive effect are listed in § 1B1.10(c). Thus, because Amendment 706 is listed under the applicable retroactive section, Petitioner qualify for a two-level reduction from his original base offense level.

The Commission has made an additional revision to § 1B1.10 the purports to render any sentence reduction "unauthorized" under § 3582(c)(2) if an amendment listed in § 1B1.10(c): does not have the effect of lowering the defendant's applicable guideline range." See, amended U.S.S.G. § 1B1.10(a)(2)(B). For example, a case where the defendant is subject to a mandatory minimum sentence. Id at n.1(a).

Nothing in the statutory language requires that guideline amendment actually have the effect of lowering a defendant's guideline range before The Sentencing Court can revisit the sentence. Rather, the statute requires that the defendant's sentence was "based on" a sentencing range that has subsequently been lowered. See e.g.,

<u>United States v. LaBonte</u>, 70 F.3d 1396, 1412(1st Cir.1995)(rejecting governemnt's argument that § 3582(c) resentencing is inappropriate where defendant's original sentence falls within the amended guideline range "we cannot be confident that, faced with a different range of options, the district court's choice will remain the same").

In sum, it is requested that The Court schedule a new sentencing hearing, order a New Presentence Report and resentence Petitioner as allowed by section 3582(c)(2). In essence it is asserted that when this court reconsiders Petitioner's sentence pursuant to § 3582(c)(2) -- in a proceeding that occurs <u>Solely</u> because The Sentencing Commission lowered the applicable sentencing range -- The Court should have discretion to impose a non-guidelines sentence. See, e.g., <u>United States v. Booker</u>, 543 U.S. 220(2005).

A.  THE DISTRICT COURT SHOULD MAKE A INDEPENDENT ASSESSMENT

For the reason discussed in <u>United States v. Gonzalez</u>, 420 F.3d 111, 120(2nd Cir. 2005), This Court is obliged to conclude that the original base offense guideline level was improperly calculated. In <u>Gonzalez</u> The Court held that "A defendant cannot be...subject to mandatory minimum sentence pursuant to § 841(b)(1)(A) or (b)(1)(B) unless the statute's Prescribed drug quantity is proved beyond a reasonable doubt to a jury". Id at 120. See also, U.S.S.G. § 5G1.1 which describes how the statutorily authorized maximum sentence or a statutory required minimum sentence, may affect the determination of a sentence under the guidelines. In sum, here the jury did not find The satute's prescribed drug quantity to support a mandatory minimum sentence.

Thus, the "district court should begin by correctly calculating the applicable guideline range. The Guideline are the starting point and initial benchmark but are not the only consideration. After permitting both parties to argue for a particular sentence, the judge should consider all of 18 U.S.C. § 3553(a)'s factors to determine whether they support either party's proposal". <u>Gall v. United States</u>, 128 S.Ct. 586, 596(2007). Although the district court must consider the guidelines, it is entitled to determine that, in a particular case, the imposition of a guideline sentence is "greater than necessary" to serve the objective of sentencing. <u>Kimbrough v. United States</u>, 128 S.Ct. 553, 564(2007). With this in mind, this court should schedule a new sentencing hearing, order a New Presentence Report and resentence Petitioner in accordance with § 3582 and <u>United States v. Booker</u>, Supra. See, <u>United States v. Forty Estemera</u>, 498 F.Supp. 2d 468, 472(D. Puerto Rico 2007)("U.S. Probation Office shall prepare an <u>update</u> Presentence Report....., which shall set forth The Statutes, conduct, and past history of defendant.....from the time he came under the supervision of The Bureau of Prisons")(emphasis added).

   (i) Applying Booker is ... in accord with the requirement that
       courts apply the current version of The Sentencing Guidelines
       in effect on the date of Resentencing -

It is well settled that absent an ex post facto problem, the district court must apply the version of The Sentencing Guidelines in effect on the date of resentencing. See, U.S.S.G. § 1B1.11(a) and (b)(2)("[T]he Court shall use The Guideline Manual in effect

on the date that the defendant is sentence[,] unless doing so would violate the ex post facto clause"). United States v. Singh, 390 F.3d 168, 192 n.2(2nd Cir. 2004).

Here, Booker's advisory regime will be the version of The Sentencing Guidelines in effect" on the date of petitioner's resentencing. These guidelines will necessarily include judicial interpretation by The Supreme Court, of The "Constitutional requirement that creates fundamental change" to the legal framework in question; a requirement of such magnitude that it rendered The Guidelines advisory only. Booker, 543 U.S. at 248. Thus, imposition of a guidelines sentence here without applying their newly advisory role would be violative of the established principle that the guidelines as they exist at the time of resentencing is the version to be applied.

(ii) Booker applies to § 3582(c)(2) resentencing -

The Supreme Court in Booker explicitly stated that "as by now should be clear [a] mandatory system is no longer an open choice" Booker, 543 U.S. at 263. Moreover, Booker emphasized that the Sentencing Guidelines could not be construed as mandatory in one context and advisory in another: "[W]e believe that congress would not have authorized a mandatory system in some cases and a non-mandatory system in others, given the complexities that such a system would create". Id at 266. Indeed, district court's are endowed with the discretion to obviate application Note 2, of section 1B1.10(b) of The Guidelines which states that:

> "[I]n determining the amended guideline range under subsection(b), The Court shall substitube only the amendments listed in subsection(c) for the corresponding guidelines provisions that were applied when the defendant was sentenced. <u>All other guideline application decisions remain unaffected</u>.

Therefore, since <u>Booker</u> exercised The Statutes that made The Guidelines Mandatory and mandatory guidelines no longer exist, This Court is free to resentence Petitioner accordingly. See e.g., <u>United States v. Hicks</u>, 472 F.3d 1167, 1171-72(9th Cir. 2007)("Booker.....provides a constitutional standard which courts may not ignore... [T]he extent that the policy statements are inconsistent with <u>Booker</u>, the policy statements must give way"). Cf., <u>Cirlo Munoz v. United States</u>, 404 F.3d 527, 533, n.7(1st Cir. 2005)(Noting that several courts of appeals have said that the advisory guidelines regime is to be used after <u>Booker</u> in resentencing even when the remands for resentencing are not caused by <u>Booker</u> error)(emphasis added).

In short, Petitioner is mindful that <u>Booker</u> does not mean that Judges are now free to impose any sentence they want and that while <u>Booker</u> has increased a sentencing court's discretion, that discretion is not without limits. Therefore, Petitioner should be give an opportunity to argue for what ever sentence he deem appropriate. <u>Gall</u>, <u>Supra</u>. That is, a different sentence, a non-guideline sentence may be appropriate; the original base offense level may reflect an unsound judgement, as it fails to reflect § 3553(a)'s considerations; the original sentence may not treat Petitioner's characteristics in a proper way; or that a different sentence is appropriate "regardless. See <u>Rita v. United States</u>,

127 S.Ct. 2465, 2463(2005).

B. <u>OVERALL EFFECT OF AMENDMENT 706</u>

As a result of The 2007 Retroactive Amendment 706, the Petitioner qualify to receive a base offense level reduction. Furthermore, Petitioner may qualify for a non-guideline sentence as a result extraordinary post-conviction efforts at rehabilitation, the previously unavailable statutory interpretation of § 841(See, <u>Gonzalez</u>, 420 F.3d 120), and the now excised Title 18 U.S.C. § 3553(b)(1), which compels that The Sentencing Court Committed significant procedural, constitutional, and statutory errors when imposing the original base offense level in (2001).

The key here is to understand, at the time of the original sentence in this case, it was settled law in all circuits that drug type and quanties were considered sentencing factors and not elements of the charged offense. Cf., <u>United States v. Campuzano</u>, 905 F.2d 677, 679(2nd Cir. 1990)(Jury need only find a generalized violation of § 841(a), a sentencing court could then decide exactly what sort of violation if was and what penalty provision of § 841(b) applied). With this in mind, the court adopted the recommandations of The Presentence Report and sentenced the defendants to mandatory minimum sentences, for conduct not proven beyond a reasonable doubt.

Thus, asbsent errors made in reaching Petitioner's statutory sentence. The maximum sentence he could have received under The Guidelines would have been less than actually imposed. Cf., <u>United States v. Martinez-Rios</u>, 143 F.3d 622, 675-76(2nd Cir. 1998)(arithmetical error that resulted in an increase to a defendant's base

offense level pursuant to The Sentencing Guidelines affected his substantial right, even though the resulting sentence was within the range for the correct statutory offense level). Id.

There is no question here that the application of Amendment 706 qualifies Petitioner to receive a 2-point level reduction. Thus, This Court should not misinterpret Petitioner's argument, who in essence is asserting that when This Court reconsiders his sentence pursuant to § 3582(c)(2). In a proceeding that occurs Solely because The Sentencing Commission lowered the applicable sentencing range - The Court should have discretion to impose a non-guidelines sentence. See e.g., Forty-Estremera, 498 F.Supp. 2d at 471. See also, United States v. Peters, 6th Cir. No. 05-6101 (1/14/08)(holding failure to address non-frivolous argument in favor of "Time-Served" would rendered the resulting sentence unreasonable, because the sentence fails to satisfy the "procedural reasonableness" requirement set forth in Rita.

In sum, the fact remains petitioner qualify to receive a base offense level reduction. Moreover, The Federal Sentencing Guidelines in there entirely are advisory. As such, although the district court must consider the guidelines, it is entitled to determine that, in a particular case, the imposition of a Guideline Sentence is "greater than necessary" to serve the objective of sentencing. Kimbrough v. United States, 128 S.Ct. 558, 564 (2007). For example, In United States v. Williams, 372 F.Supp. 2d 1335(M.D. Fla. 2005), The Court Noted, there is no dispute that Williams quaified as a career offender under U.S.S.G § 4B1.1. At sentencing, however,

9

the district court stated the career offender enhancement "is a totally inappropriate way to consider the individual nature of an offense or a defendant's individual background "and said it was not going to sentence Williams as a career offender. In its senetnceing memorandum, the district court again explained what it considered to be the "arbitrary compounding" effect of the career offender enhancement. Id at 1339; See also, Kimbrough, Supra.

In sum, absent errors made in reaching Petitioner's statutory maximum sentence. Cf., Gonzalez, 420 F. 3d at 120 (a defendant is not subject to a mandatory minimum sentence under § 841(b)(1)(A), unless the statute's prescribed drug quantity is proved beyond a reasonable doubt), the maximum sentence Petitioner could have received under the guidelines would have been less than that actually imposed.

## CONCLUSION

Wherefore, the Petitioner submits the instant 18 U.S.C. § 3582(c)(2) motion in good-faith with praying expections that the Honorable Court enter an order granting Petitioner's motion to modify sentence in light of the 2007 retroactive guideline amendment 706.

Respectfully Submitted,

Clinton Cox, Pro-se

10

# CERTIFICATE OF SERVICE

I, Clinton Cox, hereby certify that I have served a true and correct copy of the foregoing:

Motion under 18 U.S.C. § 3582(c)(2)

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, <u>Houston vs. Lack</u>, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

Office of the U.S. Attorney
District of Connecticut

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this 3rd day of March, 2008

Respectfully Submitted,

Clinton Cox, pro-se

REG. NO. 13883-014