UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 3:00CR69(AHN) |
| | : | |
| CLINTON COX | : | March 31, 2008 |

**GOVERNMENT'S RESPONSE TO MOTION TO REDUCE
SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)**

On September 12, 2001, Clinton Cox (the "Defendant") was sentenced to 360 months'
imprisonment plus an additional 60 months' imprisonment to run consecutive with 10 years of
supervised release. The defendant is due to be released from incarceration on December 1, 2040.
On or about March 10, 2008, the Defendant filed a motion for reduction of sentence, pursuant to
18 U.S.C. § 3582(c)(2), based on a recent amendment to the Sentencing Guidelines which
lowered the base offense levels applicable to cocaine base ("crack") offenses. For the reasons
stated herein, the Government respectfully submits that this amendment, however, is
inapplicable to the defendant, as it does not reduce the defendant's sentencing guidelines range.
In addition, the defendant's motion, improperly seeks to employ Section 3582(c)(2) to relitigate
sentencing issues unrelated to application of Section 2D1.1 to crack offenses and therefore must
be summarily denied.

I.    **BACKGROUND**

On April 4, 2001, a grand jury sitting in Bridgeport, Connecticut returned a multi-count
indictment against the Defendant and others charging various violations of the federal narcotics
and firearms laws.  On August 1, 2001, the grand jury returned a superseding indictment against
the defendants. The superseding indictment removed one of the defendants and charged the

1

Defendant with violations of the federal narcotics and firearms laws. On August 28, 2000, the government filed notice pursuant to 21 U.S.C. §851 of its intent to seek enhanced sentencing penalties against the defendants based on their prior felony drug convictions.

Beginning on January 16, 2001 and continuing through January 23, 2001, the Defendant's trial was held at the United States District Court at Bridgeport, Connecticut. On January 23, 2001, the jury returned a verdict of guilty against the defendants. The Defendant was convicted of one count of conspiring to possess with the intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count One), three counts of possessing with the intent to distribute and distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Counts Four, Seven, and Ten), and three counts of using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Counts Five, Eight, and Eleven).

The Presentence Report (the "PSR"), found the Defendant to be responsible for a total of 2,077 grams of cocaine base based on the time frame alleged in the superseding indictment and evidence and testimony introduced at trial. PSR ¶¶ 28-36. Based on the quantity of drugs involved, the PSR calculated the Defendant's base offense level, under U.S.S.G. § 2D1.1(a)(3)(1), to be a level 38. PSR ¶41. In addition, the PSR found that based on the Defendant's role, a four level increase in the offense level was warranted under U.S.S.G. §3B1.1(a). PSR ¶ 43. The resulting adjusted offense level was found to be a level 42. PSR ¶ 46.

The PSR also found that the Defendant's criminal history resulted in eight criminal history points placing him in Criminal History Category IV. PSR ¶ 55. Based on a total offense level of 42 and a criminal history category of IV, the resulting guideline imprisonment range is

360 months to life. The PSR also found that the term of imprisonment for the three counts of using and carrying a firearm was a minimum of 5 years on each count to run consecutive to each other and any other term of imprisonment. PSR ¶ 90. The total imprisonment range for the Defendant, based on the information in the PSR, is 540 months to life.

On September 12, 2001, the Defendant's sentencing hearing was held. The court accepted the findings in the PSR as to the drug quantities and determined that the Defendants offense level was 42 and his criminal history category was IV which resulted in a guideline imprisonment range of 360 months to life. (09/12/2001 Sentencing Hearing Tr. ("09/12/2001 Tr.") at 16, 19). The court sentenced the Defendant to a period of 360 months on the narcotics violations and 60 months imprisonment, for his conviction on the three firearms counts, to run consecutive to each other and consecutive to the 360 months imposed by the court. (09/12/2001 Tr. at 22-23). On that same day, the Defendant filed a timely notice of appeal. On September 19, 2001, the judgment was entered by the court.

On April 11, 2003, the Court of Appeals for the Second Circuit, by Mandate, affirmed the judgement of the District Court. (Case No. 3:00CR69(AHN) Dkt. No. 192). On January 26, 2004, the Defendant filed a motion for a new trial. (Dkt. No. 198). On August 16, 2004, the Defendant filed a motion to vacate under 28 U.S.C. § 2255. (Dkt. No. 212). On November 16, 2004, the Defendant filed another motion for a new trial. (Dkt. No. 217). On October 20, 2005 the Defendant filed an application for a Writ of Audita Querela. (Dkt. No. 227). On February 16, 2006, the court denied the Defendant's motion for a new trial and his application for a Writ of Audita Querela. (Dkt. No. 235). On March 13, 2006, the Defendant filed a timely notice of appeal of the District Court's ruling and a motion to alter or amend the judgment. (Dkt. Nos.

3

236, 237).  On April 27, 2006, the district court ruled on the Defendant's motion and adhered to

its earlier ruling denying the Defendant's application for a writ of audita querela. (Dkt. No. 240).

On May 16, 2006, the Defendant filed a notice of appeal, appealing the district court's order

denying his motion for a new trial. (Dkt. No. 242).

  On July 20, 2006, the district court denied the Defendant's August 16, 2004 motion to

vacate under 28 U.S.C. § 2255. (Dkt. No.  246). On October 10, 2006, the Court of Appeals for

the Second Circuit, by mandate, dismissed the Defendant's March 13, 2006 and May 16, 2006

appeals as moot. (Dkt. Nos. 247, 248). On November 7, 2006, the Defendant filed a motion to

amend his motion to vacate under 28 U.S.C. §2255. (Dkt. No. 249). On December 5, 2006, the

district court denied the Defendant's November 7, 2006 motion stating that it had already

considered and denied the Defendant's §2255 petition. (Dkt. No. 250). On December 26, 2006,

the Defendant filed an additional motion to amend the court's ruling denying the Defendant's

motion to amend his §2255 motion. (Dkt No. 251). The district court subsequently denied this

motion as a second or successive motion to vacate under §2255. (Dkt. No. 256). On March 20,

2007, the Court of Appeals for the Second Circuit, denied the Defendant's appeal, challenging

the district court's order denying the Defendant's two motions for a new trial and the application

for a writ of audita querela, as "lack[ing] any arguable basis in fact or law." (Dkt. No. 260).

  On May 29, 2007, the Defendant filed a notice of appeal, appealing the order of the

District Court denying his December 5, 2006 motion to amend his §2255 motion. On December

14, 2007, the district court treated the Defendant's May 29, 2007 notice of appeal as a motion to

file notice of appeal out of time and denied the Certificate of Appealability. On March 10, 2008,

the Defendant filed the instant motion for retroactive application of the Sentencing Guidelines to

crack cocaine offenses.

**II.    Discussion**

Section 3582(c)(2) provides:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.[1]  On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). See U.S.S.G. App. C, Amend. 712.  Revised Section 1B1.10(a), which became effective on March 3, 2008, provides, in relevant part:

(1)    In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been

---

[1]  Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides:  "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c).  See, e.g., United States v. Perez, 129 F.3d 255, 259 (2d Cir. 1997); United States v. Thompson, 70 F.3d 279, 281 (3d Cir. 1995); United States v. McHan, 386 F.3d 620, 622 (4th Cir. 2004); United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996); United States v. Dullen, 15 F.3d 68, 70-71 (6th Cir. 1994); United States v. Wyatt, 115 F.3d 606, 608-09 (8th Cir. 1997); United States v. Cueto, 9 F.3d 1438, 1441 (9th Cir. 1993); United States v. Avila, 997 F.2d 767, 768 (10th Cir. 1993); United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).  As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2)    Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

   (A)    none of the amendments listed in subsection (c) is applicable to the defendant; or

   (B)    an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

(3)    Limitation.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses.[2]  On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008. U.S.S.G. App. C, Amend. 713.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses.  The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses.  See U.S.S.G., Supplement to

_____

[2]  Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

6

App. C, Amend. 706.[3]

Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses. At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more. That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36. At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams. That offense level now applies to a quantity of less than 500 milligrams. Amendment 711 also made conforming amendments to the drug conversion chart

_____

[3] In a separate matter, the Supreme Court recently held in Kimbrough v. United States, 128 S. Ct. 558, 564 (2007), that district courts "may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses" in deciding whether to vary from the advisory Guidelines range for crack offenders. However, that issue is not pertinent to this case, which involves only a § 3582(c)(2) reduction based on a specific guideline amendment.

which is employed where the offenses of conviction involved crack as well as other controlled substances.

> **A.** **The Defendant is not entitled to a reduction in his base offense level as it does not reduce the defendant's sentencing guidelines range**.

The defendant's motion must be denied because, notwithstanding the guideline amendment, the amendment does not have the effect of lowering the defendant's guidelines range.

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may *only* be reduced when he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Further, under the statute, a reduction is allowed only when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." In its revisions to Section 1B1.10, the Commission, consistent with the statutory directive that a reduction should occur only where the defendant's sentencing range was lowered, made clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the defendant. Specifically, subsection (a)(2)(B) states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore *is not authorized under 18 U.S.C. § 3582(c)(2)* if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B) (emphasis added).

Courts also agree that where, as is the case here, application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. See, e.g., United States v. Gonzalez-Balderas, 105 F.3d 981, 984 (5th Cir. 1997) (although a retroactive

amendment reduced the defendant's offense level, the new level (44) still required the sentence of life imprisonment which was imposed, and the district court properly denied the motion summarily); United States v. Allison, 63 F.3d 350, 352-54 (5th Cir. 1995) (motion properly denied where the sentence would not be different under new guideline); United States v. Townsend, 98 F.3d 510, 513 (9th Cir. 1996) (although a retroactive amendment to the career offender guideline changed the definition of a statutory maximum, the amendment did not benefit the defendant given that the maximum penalty for his offense, bank robbery, was the same under either definition, and thus the guideline range was the same); United States v. Dorrough, 84 F.3d 1309, 1311-12 (10th Cir. 1996) (the district court did not abuse its discretion in denying the § 3582(c)(2) motion, where an alternative means of sentencing permitted by the applicable guideline produced the same offense level which applied earlier); United States v. Armstrong, 347 F.3d 905, 908 (11th Cir. 2003) (the district court correctly denied the motion, where the defendant's offense level was not altered by the subject of the retroactive amendment); United States v. Young, 247 F.3d 1247, 1251-53 (D.C. Cir. 2001) (district court properly denied motion where the sentence was actually based on considerations not affected by the retroactive guideline amendment).

   In the present case, the Defendant was found to be responsible for more than 1.5 kilograms of cocaine base which resulted in a base offense level of 38. In addition the Defendant received a 4 point role enhancement under U.S.S.G. § 3B1.1(a). The Defendant's total offense level, under the Sentencing Guidelines in effect at the time, was 42. The PSR calculated the Defendant's Criminal History Category to be a category IV. A total offense level of 42 and a Criminal History Category of IV results in a guideline imprisonment range of 360 months to life.

Under the November 1, 2007 amendment to the guidelines, the Defendants base offense level would be reduced to 36 but he would still have the 4 point role enhancement. This would result in a total offense level of 40. A total offense level of 40 and a criminal history category of IV results in a guideline imprisonment range of 360 months to life. In addition, the amendment to the guidelines does not change the Defendant's sentence of 5 years imprisonment on each of the three counts for the firearms violations. Despite the reduction in the base offense level, the guideline imprisonment ranges remain unchanged. For this reason, the defendant is not entitled to any relief under 18 U.S.C. § 3582(c).

**B.      Defendant's motion improperly seeks to employ Section 3582(c)(2) to relitigate sentencing issues unrelated to application of Section 2D1.1 to crack offenses and therefore must be summarily denied.**

In addition, the defendant's motion, improperly seeks to employ Section 3582(c)(2) to relitigate sentencing issues unrelated to application of Section 2D1.1 to crack offenses. Specifically, the defendant contends that the original base offense level was improperly calculated because the "jury did not find The [sic] satute's [sic] prescribed drug quantity to support a mandatory minimum sentence. (Def. Motion at 4).  Furthermore, the defendant is seeking to be resentenced pursuant to United States v. Booker. (Def. Motion at 5-7).  These portions of the defendant's motion are impermissible.  Section 3582(c)(2) permits a sentencing court to reduce a defendant's sentence only when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  In its recently revised policy statements, the Sentencing Commission made clear that proceedings under Section 1B1.10 and Section 3582(c)(2) "do not constitute a full resentencing of the defendant." Furthermore, in subsection (b)(1) the policy statement explicitly directs that "[i]n determining

whether, and to what extent, a reduction in the defendant's term of imprisonment under 18

U.S.C. § 3582(c)(2) and this policy statement is warranted, the court . . . shall substitute only the

amendments listed in subsection (c) for the corresponding guideline provisions that were applied

when the defendant was sentenced and *shall leave all other guideline application decisions*

*unaffected*" (emphasis added).  The limitation imposed by the Sentencing Commission must be

respected.  See United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) (Section 3582(c)(2)

"do[es] not contemplate a full de novo resentencing") (quoting United States v. Cothran, 106

F.3d 1560, 1562 (11th Cir. 1997)); United States v. Whitebird, 55 F.3d 1007, 1011 (5th Cir.

1995) ("A [Section] 3582(c)(2) motion is not a second opportunity to present mitigating factors

to the sentencing judge, nor is it a challenge to the appropriateness of the original sentence.").

Plainly, the provision for reduction of sentence stated in Section 3582(c)(2) and

implemented in Section 1B1.10 is narrow, given the essential jurisprudential interest in finality

in criminal litigation.  See Teague v. Lane, 489 U.S. 288, 308-10 (1989) ("Without finality, the

criminal law is deprived of much of its deterrent effect.").  A federal criminal sentence is

generally final following a direct appeal, and modification is permitted by law only in very

circumscribed situations.  Section 3582(c)(2) allows modification based on a guideline

amendment deemed retroactively applicable by the Sentencing Commission; Federal Rule of

Criminal Procedure 35 allows a revision based on specified clerical and technical errors, or

pursuant to a government motion; and 28 U.S.C. § 2255 permits resentencing to correct errors of

constitutional magnitude or those amounting to a miscarriage of justice.

Thus, the power afforded in Section 3582(c)(2) is limited, and that limit must be

respected.  See Braxton v. United States, 500 U.S. 344, 348 (1991) ("In addition to the *duty* to

review and revise the Guidelines, Congress has granted the Commission the unusual explicit

*power* to decide whether and to what extent its amendments reducing sentences will be given

retroactive effect, 28 U.S.C. § 994(u).  This power has been implemented in Section 1B1.10,

which sets forth the amendments that justify sentence reduction.") (emphasis in original).  The

Third Circuit explained:

> It is, thus, clear that only the retroactive amendment is to be considered at a resentencing
>
> under § 3582 and the applicability of that retroactive amendment must be determined in
>
> light of the circumstances existent at the time sentence was originally imposed.  In other
>
> words, the retroactive amendment merely replaces the provision it amended and,
>
> thereafter, the Guidelines in effect at the time of the original sentence are applied.

United States v. McBride, 283 F.3d 612, 615 (3d Cir. 2002).  McBride rejected an effort to

invoke the new constitutional rule of Apprendi v. New Jersey, 530 U.S. 466 (2000) (that any fact

which increases a statutory maximum sentence must be proven to a jury beyond a reasonable

doubt), through the filing of a Section 3582(c)(2) motion, given that Apprendi did not represent

an action of the Sentencing Commission lowering a guideline range.  McBride held that,

consistent with the limited relief afforded by Sections 3582(c)(2) and 1B1.10, the district court

could impose a sentence within a reduced guideline range regardless of whether that sentence

violated Apprendi.  McBride, 283 F.3d at 615-16.

All other courts have acted consistently in rejecting any claims made under Section

3582(c)(2) other than those seeking application of a retroactive guideline amendment.  See, e.g.,

United States v. Jordan, 162 F.3d 1 (1st Cir. 1998) (when reducing a sentence based on a

retroactive amendment, the court does not have authority to grant a departure on any other

ground, including the provision in Section 5K2.0 for departures in extraordinary cases);

Cortorreal v. United States, 486 F.3d 742, 744 (2d Cir. 2007) (Section 3582(c)(2) motion may

not be employed to present claim under Booker); United States v. Carter, 500 F.3d 486, 490-91

(6th Cir. 2007) (same; explaining that a Section 3582(c)(2) motion may only be presented based

on a guideline amendment of the Sentencing Commission, as the basis of the motion is distinct

from other claims which might affect the sentence, which must be presented, if at all, under

Section 2255); United States v. Smith, 241 F.3d 546, 548 (7th Cir. 2001) (Section 3582(c)(2)

motion may not be employed to present claim under Apprendi); United States v. Lloyd, 398 F.3d

978, 979-80 (7th Cir. 2005) (claims that district judge miscalculated the defendant's relevant

conduct, and that the CCE statute was improperly applied, were cognizable only under Section

2255, and the Section 3582(c)(2) motion was therefore properly dismissed); United States v.

Price, 438 F.3d 1005, 1007 (10th Cir. 2006) (Section 3582(c)(2) motion may not be employed to

present claim under Booker); United States v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000) (district

court was correct to deny Eighth Amendment claim; "Section 3582(c), under which this

sentencing hearing was held, does not grant to the court jurisdiction to consider extraneous

resentencing issues such as this one.  Bravo must instead bring such a collateral attack on his

sentence under 28 U.S.C. § 2255."); United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir.

2005) (Section 3582(c)(2) motion may not be employed to present claim under Booker).[4]

---

[4]  Of course, the remedy afforded by Section 2255 is itself limited, restricted only to claims of constitutional error or manifest injustice.  Thus, claims of error with respect to the Sentencing Guidelines generally are not presentable under Section 2255, absent extraordinary circumstances.  See, e.g., Knight v. United States, 37 F.3d 769, 773 (1st Cir. 1994); Graziano v. United States, 83 F.3d 587, 589-90 (2d Cir. 1996) (per curiam); United States v. Cepero, 224 F.3d 256, 267-68 (3d Cir. 2000) (en banc); United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999); United States v. Payne, 99 F.3d 1273, 1281-82 (5th Cir. 1996); Grant v. United

Accordingly, the defendant's claims that the "jury did not find The [sic] satute's [sic] prescribed drug quantity to support a mandatory minimum sentence" and that the defendant should be resentenced pursuant to United States v. Booker must be summarily denied.

**CONCLUSION**

For all of the reasons stated above, the government respectfully requests that the court deny the Defendant's motion pursuant to 18 U.S.C. §3582(c)(2), seeking the retroactive application of amendment 706.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

_____

WILLIAM M. BROWN, JR.
ASSISTANT U.S. ATTORNEY
UNITED STATES ATTORNEY'S OFFICE
915 LAFAYETTE BLVD, RM 309
BRIDGEPORT, CT 06604
Telephone: (203) 696-3000
FEDERAL BAR NO. ct20813
E-mail: william.m.brown@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the _____ day of April, 2008, I caused a copy of the foregoing Response to be sent by first-class mail, postage prepaid, to the following:

_____

States, 72 F.3d 503, 505-06 (6th Cir. 1996); Buggs v. United States, 153 F.3d 439, 443 (7th Cir. 1990); Auman v. United States, 67 F.3d 157, 160-61 (8th Cir. 1995); United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir. 1994); Burke v. United States, 152 F.3d 1329, 1331-32 (11th Cir. 1998). This rule also reflects the general preference for finality in criminal litigation.

Clinton Cox
Prisoner No. 13883-014
USP LEWISBURG
U.S. PENITENTIARY
P.O. BOX 1000
LEWISBURG, PA  17837

Ray Lopez
Senior U.S. Probation Officer
157 Church Street, 22nd Floor
New Haven, CT 06510

/s/ _____
WILLIAM M. BROWN, JR.
ASSISTANT UNITED STATES ATTORNEY