

D.Conn. (New Haven)
04-cv-1383
Nevas, J.

# United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30ᵗʰ day of January , two thousand eight,

Present:

Hon. John M. Walker, Jr.,
Hon. Guido Calabresi,
Hon. Rosemary S. Pooler,
*Circuit Judges.*



Clinton Cox,

*Movant-Appellant,*

v.                                                          07-2419-pr

United States of America,

*Respondent-Appellee.*

Appellant, *pro se*, moves for a certificate of appealability and to proceed *in forma pauperis*. Upon due consideration, it is hereby ORDERED that the motions are DENIED and the appeal is

SAO-ED

DISMISSED. With respect to the appeal of the denial of leave to amend, Appellant has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). As to the denial of reconsideration, Appellant has failed to show that "(1) jurists of reason would find it debatable whether the district court abused its discretion in denying the [motion for reconsideration], and (2) jurists of reason would find it debatable whether the underlying [28 U.S.C. § 2255 motion], in light of the grounds alleged to support the . . . motion, states a valid claim of the denial of a constitutional right." *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001) (per curiam).

It is further ORDERED that, to the extent that the district court erred by failing to transfer Appellant's motions to this Court as applications for leave to file a second or successive motion, any error was harmless as transfer would have been futile given Appellant's failure to meet the requirements for filing a second or successive motion. *See* 28 U.S.C. § 2255 ¶ 8 (providing that this Court may certify a second or successive § 2255 motion based only on "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.").

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:

JAN 3 0 2008

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk
by
DEPUTY CLERK

D.Conn. *(New Haven)*
04-cv-1383
Nevas, J.

# United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

———————————————

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30ᵗʰ day of January , two thousand eight,

Present:

      Hon. John M. Walker, Jr.,
      Hon. Guido Calabresi,
      Hon. Rosemary S. Pooler,
              *Circuit Judges.*



———————————————

Clinton Cox,

          *Movant-Appellant,*

        v.

United States of America,

          *Respondent-Appellee.*

07-2419-pr

———————————————

Appellant, *pro se*, moves for a certificate of appealability and to proceed *in forma pauperis*. Upon due consideration, it is hereby ORDERED that the motions are DENIED and the appeal is

SAO-ED

DISMISSED.  With respect to the appeal of the denial of leave to amend, Appellant has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).  As to the denial of reconsideration, Appellant has failed to show that "(1) jurists of reason would find it debatable whether the district court abused its discretion in denying the [motion for reconsideration], and (2) jurists of reason would find it debatable whether the underlying [28 U.S.C. § 2255 motion], in light of the grounds alleged to support the . . . motion, states a valid claim of the denial of a constitutional right." *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001) (per curiam).

It is further ORDERED that, to the extent that the district court erred by failing to transfer Appellant's motions to this Court as applications for leave to file a second or successive motion, any error was harmless as transfer would have been futile given Appellant's failure to meet the requirements for filing a second or successive motion. *See* 28 U.S.C. § 2255 ¶ 8 (providing that this Court may certify a second or successive § 2255 motion based only on "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.").

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By: _____

JAN 30 2008

THE MANDATE CONSISTING OF
ITEMS BELOW HAS BEEN RECEIVED
( ) OPINION ( ) STATEMENT OF COSTS
( ) ORDER
RECEIVED BY:_____ DATE_____

SAO-ED

2