```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA     :
                             :
v.                           :    Crim. No. 3:00-cr-00069 (AHN)
                             :
CLINTON COX                  :
```

### RULING ON MOTION FOR REDUCTION
### OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)

Pending before the court is Clinton Cox's ("Cox") motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons stated below, the court denies his motion.

On January 23, 2001, a jury convicted Cox of one count of conspiring to posses with intent to distribute fifty grams or more of cocaine base ("crack cocaine") in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count one), three counts of possessing with intent to distribute and distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1) (counts four, seven, and ten), and three counts of using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (counts five, eight, and eleven).

At sentencing, the court found that Cox was responsible for more than two kilograms of crack cocaine, which resulted in a base offense level of 38 pursuant to U.S.S.G. § 2D1.1(a)(3)(1). The court also found that Cox's role in the offense warranted a four-level enhancement pursuant to U.S.S.G. § 3B1.1(a). As a result, Cox's total offense level was 42. The court also found that Cox had a criminal history category of IV. Based on a total

offense level of 42 and a criminal history category of IV, the court found Cox had a guideline range of 360 months to life imprisonment.  The court also found that counts five, eight, and eleven required three 60-month terms of imprisonment, for a total of 180 months, to run consecutively to any other term of imprisonment.  Ultimately, the court sentenced Cox to 540 months of imprisonment, that is, 360 months on the drug counts and three consecutive 60-month sentences on the gun counts.

Thereafter, in 2007, the United States Sentencing Commission issued Amendment 706, which lowered the base offense level applicable to offenses involving crack cocaine.  See U.S.S.G. § 1B1.10(c).  "Specifically, the amendment adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in § 2D1.1 and provides a mechanism for determining the guideline range for offenses involving crack cocaine and other controlled substances."  United States v. Pizarro, No. 98-cr-148-01-PB, 2008 WL 351581, at *1 (D. N.H. Feb. 8, 2008).  The Sentencing Commission also applied the amendment retroactively.  Thus, defendants who were sentenced under prior versions of § 2D1.1 and who are incarcerated may be eligible for a reduction in their terms of incarceration, effective March 3, 2008.  Id.

Cox now moves the court for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), which permits the court to

retroactively reduce a defendant's term of imprisonment where he was "sentenced . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Id. Cox argues that by virtue of Amendment 706, he is entitled to a retroactive reduction of his sentence in accordance with the newly amended § 2D1.1. The court disagrees.

Section 3582(c)(2) only permits the court to reduce a sentence when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." Id. On December 11, 2007, the Sentencing Commission issued a revised policy statement under U.S.S.G. § 1B1.10 to explain the limitations on relief available under § 3582(c)(2). Section 1B1.10 states:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1). While Amendment 706 is listed in subsection (c) and therefore may give rise to a sentence reduction pursuant to § 3582(c)(2), the policy statement further advises that:

> A reduction in the defendant's term of imprisonment is not consistent with this

-3-

>policy statement and therefore is not
>authorized under 18 U.S.C. 3582(c)(2) if –
>
>* * *
>
>(B) An amendment listed in subsection (c) does
>not have the effect of lowering the
>defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a)(2)(B).

In Cox's case, no sentence reduction is authorized. Amendment 706's two-level reduction of the base offense level under § 2D1.1 does not lower his applicable guideline range of 360 months to life. As discussed above, the court found that, with the four-level leadership role enhancement under § 3B1.1(a), Cox's total offense level was 42 and his criminal history placed him in Category IV.[1] In addition, the court found that Cox's conviction on three counts of using a firearm in connection with drug trafficking warranted a minimum of five years' imprisonment for each count. While Amendment 706 would reduce Cox's total offense level to 40, that reduction still results in the same guideline range of 360 months to life. Accordingly, Cox is ineligible for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) because Amendment 706 does not lower Cox's guideline

---

[1] In addition, § 1B1.10(b)(1) states: "[t]he court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." Therefore, the court must still apply the four-level enhancement of § 3B1.1(a), despite Amendment 706's change to § 2D1.1.

range.

In his § 3582(c)(2) motion, Cox also seeks to be resentenced pursuant to the ruling in United States v. Booker, 543 U.S. 220 (2005). He also challenges his original base offense level because the "jury did not find The [sic] statue's [sic] prescribed drug quantity to support a mandatory minimum sentence." These arguments are unavailing.

The Sentencing Commission has stated that proceedings held pursuant to § 1B1.10 and § 3582(c)(2) "do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10 (a)(3). Further, the Second Circuit made clear that a defendant may not present a claim under Booker through a § 3582(c)(2) motion, nor may a defendant present any other claim that does not involve a guideline amendment. See Cortorreal v. United States, 486 F.3d 742, 744 (2d Cir. 2007); United States v. McBride, 283 F.3d 612, 615 (3d Cir. 2002) ("It is, thus, clear that only the retroactive amendment is to be considered at a resentencing under § 3582"). Hence, Cox may not launch a general attack on his sentence in this § 3582(c)(2) motion and his arguments to the contrary are meritless.

## CONCLUSION

For the foregoing reasons, the court DENIES Cox's motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) [doc. # 441].

So ORDERED this 12th day of May 2008, at Bridgeport, Connecticut.

```
                                       /s/
_____ _____
                              Alan H. Nevas
                              United States District Judge
```