UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2008 JUN -2 P 12: 27

U.S. DISTRICT COURT
BRIDGEPORT, CONN

CLINTON COX,  )
Defendant/Petitioner  )
                      )
                      )
     vs.              )   Case No.:  3:00-CL-00069(AHN)
                      )
                      )
UNITED STATES OF AMERICA,  )
           Respondent  )

MOTION FOR RECONSIDERATION OF DENIAL OF
18 U.S.C. § 3582 (c)(2) MOTION

COMES NOW Defendant-Petitioner, Clinton Cox, (hereinafter, "Petitioner"), in propria persona, and respectfully submits the instant memorandum of law for reconsideration of the denial of his motion filed under 18 U.S.C. § 3582(c)(2). In support thereof it is stated that:

### INTRODUCTION

A reading of § 3582(c)(2) reveals that the retroactive application of the amendment is not dependant on the sentencing range under which the Defendant was sentenced. Rather, the amendment is triggered in cases where the Defendant was sentenced "based upon" a sentencing range that has subsequently been lowered. See, 18 U.S.C. § 3582(c). There is a significant difference between the two.

First, the exclusion in section 1B1.10(a)(2)(B) states that

a sentencing reduction is not authorized if "an amendment listed in subsection (c) does not have the effect of lowering the Defendant's <u>applicable guideline range</u>". U.S.S.G. § 1B1.10(a)(2)(B).[emphasis added.] It does not require that the Defendant be <u>sentenced under that range</u>. It simply refers to "the Defendant's <u>applicable guideline range</u>". U.S.S.G.§ 1B1.10 (a)(2)(B).[emphasis added.] Petitioner's sentencing range under §2D1.1 would be lowered under Amendment 706 from base offense level 42 to base offense level 40.

¶Second, § 3582(c) specifically authorizes a reduction for Defendants whom were "sentenced to a term of imprisonment <u>based on a sentencing range that has subsequently been lowered</u> by the Sentencing Commission...." 18 U.S.C. § 3582(c). [emphasis added.] This is such a case.

In addition to the above, Petitioner relies on the fact that the guidelines, including the policy statements contained in 1B1.10 and the sentence recommended under base offense level 40, are advisory in all contexts. See, e.g., <u>United States v. Stratton</u>, 519 F.3rd 1305, 1307 (11th Cir. 2008). [Noting, "The district court may, if it wishes to do so, combine this resentencing proceeding on remand with any additional proceeding the district court determines is appropriate in light of the retroactive application of Amendment 706 to the crack-cocaine guidelines effective March 3, 2008. See, U.S.S.G. App.C, Amendment 713 (Supp.2008); See also, <u>United States v. Regalado</u>, 518 F.3rd 143 (2nd Cir. 2008); (Same, citing, <u>Kimbrough v. United States</u>, 128 S.Ct. 558 (2007); <u>Gall v. United States</u>, 128 S.Ct. 586 (2007).] Petitioner respectfully submits that his sentence

is "greater than necessary to achieve [18 U.S.C.] § 3553(a)'s purposes..." See, **Stratton**, 519 F.3rd at 1306 (quoting, **Kimbrough**, 128 S.Ct. at 566 n.4, 575 (2007) ).

## DISCUSSION

The statute that provides this court jurisdiction in this matter, (18 U.S.C. § 3582); does not require the amendment to have lowered the defendant's guideline range. Rather, it directs that a court can consider modifying a term of imprisonment where the term of imprisonment is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission...." See, 18 U.S.C. §3582. All crack-cocaine sentences are based on the crack guideline's sentencing range because that range is the starting point of every sentence.

In this case, the court contends that, "In Cox's case, no sentence reduction is authorized. Amendment 706's two-level reduction of the base offense level under § 2D1.1 does not lower his applicable guideline range of 360 months to life." (See, Ruling of Motion at 4.) More importantly, the court noted, "While Amendment 706 would reduce Cox's total offense level to 40, that reduction still results in the same guideline range of 360 months to life. Accordingly, Cox is ineligible for a reduction in his sentence pusuant to 18 U.S.C. §3582(c)(2), because Amendment 706 does not lower Cox's guideline range". Id.

The court also notes that, "The Sentencing Commission has stated that proceedings held pursuant to § 1B1.10 and §3582 (c)(2) 'do not constitute a full resentencing of the defendant.'

U.S.S.G. § 1B1.10 (a)(3). Further, the Second Circuit made clear that a defendant may not present a claim under **Booker** through a § 3582(c)(2) motion". Id at 5.

The court agrees that the application of Amendment 706 would reduce Petitioner's base offense level under U.S.S.G. § 2D1.1 by two levels, from 42 to 40. Id at 4. But, nonetheless, it argues that a "reduction still results in the same guideline range of 360 months to life". Id. Thus, "Amendment 706 does not lower Cox's guideline range". Id at 4-5.

It is respectfully submitted that, the court's position misinterprets Petitioner's argument, who, in essence, is asserting that when the court reconsiders his sentence pursuant to §3582(c)(2) -in a proceeding that occurs solely because the Sentencing Commission lowered the applicable sentencing range- the court should have discretion to impose a non-guidelines sentence. See, **United States v. Forty-Estemera**, 498 F.Supp. 2d 463 (D. Puerto Rico 2007); and, **United States v. Hicks**, 472 F.3rd 1167, 1171 (9th Circuit 2007).

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this esteemed and Honourable Court reconsider its ruling dated May 13, 2008.

Respectfully Submitted,

*[signature]*

# CERTIFICATE OF SERVICE

I, __CLINTON COX_____, hereby certify that I have served a true and correct copy of the foregoing:

    MOTION FOR RECONSIDERATION AND NOTICE OF APPEAL

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

    U.S. ATTORNEY"S OFFICE
    FOR THE DISTRICT OF CONNECTICUT

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this _____ day of __May_____, 2008.

Respectfully Submitted,

*[signature]*

Clinton Cox, Pro se

REG. NO. __13883-014__

## 468    498 FEDERAL SUPPLEMENT, 2d SERIES

operated to entirely exclude employment discrimination from the scope of the ADA". *Id* at 382.[4]

Since Co-plaintiff Montalvo-Padilla is seeking relief for Defendants' alleged discriminatory employment practices, her claim, as discussed above, is not cognizable under the ADA.[5] Accordingly, the ADA claim will be DISMISSED WITH PREJUDICE.

### Conclusion

As discussed above, the claim under the Age Discrimination Act of 1975 will be DISMISSED WITH PREJUDICE. The case will go forward with the following claims: ADEA (for prospective equitable relief, defamation, and intentional infliction of emotional distress.

SO ORDERED.



---

UNITED STATES of America, Plaintiff,

v.

Jose S. FORTY ESTREMERA, Defendant.

Criminal No. 91-299 (RLA).

United States District Court, D. Puerto Rico.

Aug. 1, 2007.

**Background:** Defendant moved to reduce his sentence to life imprisonment, imposed upon conviction of several drug trafficking offenses.

**Holding:** The District Court, Acosta, J., held that advisory regime pursuant to *Booker* was version of the Sentencing Guidelines applicable at resentencing.

Motion granted.

**1. Sentencing and Punishment ⟶ 661**

Advisory regime pursuant to *United States v. Booker*, which prohibited upward guidelines adjustments based on judicial fact finding, and severed provision of the Sentencing Guidelines that made them mandatory, was version of Sentencing Guidelines applicable in resentencing defendant who was convicted of several drug trafficking offenses, since it was version in effect on date of resentencing. U.S.S.G. § 1B1.1 et seq., 18 U.S.C.A.

**2. Sentencing and Punishment ⟶ 664(4)**

Absent an ex post facto problem, the court must apply the version of the Sentencing Guidelines in effect on the date of resentencing. U.S.S.G. § 1B1.1 et seq., 18 U.S.C.A.

**3. Sentencing and Punishment ⟶ 58, 651**

In imposing a sentence under advisory Sentencing Guidelines regime, the court begins by calculating the applicable guideline range, and, once that is established, the court evaluates the statutory sentencing factors to determine whether a guideline or non-guideline sentence is warranted. 18 U.S.C.A. § 3553(a)(4); U.S.S.G. § 1B1.1 et seq, 18 U.S.C.A.

---

4. *See also*, 18 C.F.R. § 1309.4(b): "The Act [Age Discrimination Act] and this part do not apply to: [...](2) Any employment practice of any employer, employment agency, labor organization, or any labor management joint apprenticeship program."

5. We note that our conclusion that Co-plaintiff Montalvo-Padilla may not, as a matter of law, maintain her ADA claim renders moot the multiple discovery issues regarding the U.P.R. Cayey's receipt of federal funds.

---

## U.S. v. FORTY ESTREMERA    469
Cite as 498 F.Supp.2d 468 (D.Puerto Rico 2007)

José Samuel Forty Estremera, Coleman, FL, Pro Se.

Lena Watkins, Sr. Trial Attorney, U.S. Department of Justice, Criminal Division, Washington, D.C., Rosa Emilia Rodriguez Velez, U.S. Attorney, Scott Anderson, Asst. U.S. Attorney, San Juan, PR, for Defendant/Respondent.

### ORDER GRANTING DEFENDANT'S MOTION FOR RESENTENCING

RAYMOND L. ACOSTA, District Judge.

The Court has before it defendant JOSE FORTY ESTREMERA's Motion to Reduce Sentence (docket No. 1653), which the Government has opposed (docket No. 1654).[1] After careful consideration of the arguments asserted in the pleadings, the Court GRANTS defendant's motion to resentence for the reasons set forth below.

### BACKGROUND

The details of this case can be gleaned from *United States v. Levy-Cordero*, 67 F.3d 1002 (1st Cir.1995); *cert. denied, sub nom. Forty-Estremera v. United States*, 517 U.S. 1162, 116 S.Ct. 1558, 134 L.Ed.2d 659 (1996).

JOSE FORTY ESTREMERA was convicted and sentenced on September 10, 1993 of one count of conspiracy; two counts of importing marijuana; two counts of possessing marijuana with intent to distribute; ten counts of importing cocaine; ten counts of possessing cocaine with intent to distribute; and one count of attempting to import cocaine, and aiding and abetting, all in violation of 21 U.S.C. §§ 846, 841(a)(1), 963, 952 and 18 U.S.C. § 2.

Pursuant to the then applicable United States Sentencing Guidelines (USSG), the Presentence Report (PSR) reached a base offense level of 42 due to a drug quantity greater than 1,500 kilograms of cocaine and imposed adjustments for his supervisory role in the conspiracy and obstruction of justice pursuant to USSG § 3B1.1(b) and 3C1.1, respectively. An adjusted offense level of 47 combined with defendant's criminal history Category of I yielded a guideline range which mandated a sentence of life imprisonment.

The Court adopted the recommendations of the PSR and sentenced FORTY ESTREMERA, then 32 years of age, to life in prison. At sentencing, the Court noted its misgivings about the sentence it was about to impose:

The Court finds this case in particular distressing for him personally. The Court has sentenced many individuals over a period of years, but finds it particularly distressing because of the fact that it involved so many individuals, many of whom, if not most, came from good family backgrounds. They were not criminals in the ordinary sense of that word. And that's why I respond, psychologically, to Mr. Inserni's comments that his client is not a murderer,[2] because before the guidelines when sentencings were imposed these sort of things were taken into account, the fact that an individual, you know, was not the

Okay. I'm not saying they shouldn't, but I'm just saying Mr. Jose Samuel Forty Estremera, as an individual, is not the type of person that should [sic] come out of prison in a casket." (Sentencing hearing transcript, September 10, 1993, p. 18)

---

1. *See also* Defendant's Reply (docket No. 1655).

2. "He is not a murderer. And murderers get life sentences, Your Honor, you know. Rapists. And I'm not saying that—Your Honor, drug smugglers should also be punished.

type of person who was killing people, for which a life sentence is the normal response. However, the people by way of the Congress has deemed it, in its wisdom, to view the narcotic trade as something completely heinous and as affecting the very fabric of society and indeed killing people. We've heard and read many times about overdoses. So, there is a killing in that sense, although indirect.

I'm sure Mr. Forty would be the last person in the world to go up to a person and inject him with an overdose of cocaine and kill him. I don't believe he would ever think of doing that.

In any event I don't want to make a big speech about this thing. I just want to tell you that I, as a judge, under the sentencing guidelines have very little power with respect to sentencing. I have to make findings. I've made my findings under the law. I made them as fair as I could. We've had motions. We've had hearings. We've had testimony. And under the law and good conscience [sic] I've had to make the rulings that I've had to make. And based on that, I had to apply or have to apply the guidelines as written.

(Sentencing hearing transcript, September 10, 1993, pp. 26–27).

One year after FORTY's sentence, the United States Sentencing Commission lowered the maximum drug-quantity-determined base offense level from 42 to 38. USSG App.C. Vol. I, Amendment 505 (Nov.2006) (amendment effective Nov. 1, 1994).[3] In 1995, the Commission made Amendment 505 retroactive by including it in the list of amendments that authorize a reduction in the term of imprisonment as a result of an amended guideline range. See USSG § 1B1.10(c) and 18 U.S.C. § 3582(c)(2).

USSG § 1B1.10(a), in pertinent part, provides as follows:

(2) Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2).

In turn, 18 U.S.C. § 3582(c)(2) provides as follows:

(c) Modification of an imposed term of imprisonment—The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) —

(B) —

(2) in a case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. s 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

FORTY has asked us to schedule a new sentencing hearing, order a new Presentence Report and resentence him as allowed by Section 3582(c)(2). See docket forth only to Amendment 505.

---

3. Amendment 536 made Amendment 505 effective Nov. 1, 1995. We shall refer hence-

No. 1663. Defendant also entreats us to apply *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) in his resentencing. See defendant's reply, docket No. 1663 at p. 2 ("The question presented here is: whether the *U.S. v.[sic] Booker* requirement that the district court treat the United States Sentencing Guidelines as advisory applies to the resentencing of petitioner pursuant to 18 U.S.C. § 3582(c)").

In its Response, the United States acknowledged that the application of Amendment 505 is in order. See Government's response, docket No. 1654 at p. 4. ("It is true that application of amendments 505 and 536 would reduce Forty's base level under USSG § 2D1.1 by four levels, from 42 to 38."). Nonetheless, it argued that FORTY's offense level at resentencing would not change because application of the adjustments for supervisory role and obstruction of justice totaling five levels in accordance with sections 3B1.1 and 3C1.1, would, in any event, yield an adjusted guideline range of 43, which range would still call for life imprisonment according to the U.S. Sentencing Guidelines' Sentencing Table. This position misinterprets defendant's argument, who in essence is asserting that when this court reconsiders his sentence pursuant to § 3582(c)(2)—in a proceeding that occurs *solely* because the Sentencing Commission lowered the applicable sentencing range—the court should have discretion to impose a non-guidelines sentence. See, e.g., *United States v. Hicks*, 472 F.3d 1167, 1171 (9th Cir.2007).

## DISCUSSION

1. *Applying Booker is in accord with the requirement that courts apply the current version of the Sentencing Guidelines in effect on the date of resentencing.*

[1, 2] It is well settled that absent an ex post facto problem, the district court must apply the version of the Sentencing Guidelines in effect on the date of resentencing. *United States v. Mateo-Espejo*, 426 F.3d 508, 510, Note 1 (1st Cir.2005) (citing *United States v. Harotunian*, 920 F.2d 1040, 1041–42 (1st Cir.1990)). This echoes the policy statement in the Guidelines Manual, that "[t]he court shall use the Guidelines Manual in effect on the date that the defendant is sentenced[,] unless doing so would violate the ex post facto clause." USSG § 1B1.11(a) & (b)(2).

Here, Booker's advisory regime will be the "version of the Sentencing Guidelines in effect" on the date of Mr. Forty's resentencing. These Guidelines will necessarily include judicial interpretations by the Supreme Court, of the "constitutional requirement that creates fundamental change" to the legal framework in question; a requirement of such magnitude that it rendered the Guidelines advisory only. *Booker*, 543 U.S. at 248, 125 S.Ct. 738. Therefore, an imposition of a Guidelines sentence here without applying their newly advisory role would be violative of the established principle that the Guidelines as they exist at the time of resentencing is the version to be applied.

2. *Booker applies to § 3582(c)(2) resentencing.*

The Supreme Court in *Booker* explicitly stated that "as by now should be clear [a] mandatory system is no longer an open choice" *Booker*, 543 U.S. at 263, 125 S.Ct. 738. Moreover, *Booker* emphasized that the Sentencing Guidelines could not be construed as mandatory in one context and advisory in another: "[W]e believe that Congress would not have authorized a mandatory system in some cases and a non-mandatory system in others, given the complexities that such a system would cre-

ate." *Id.*, at 266, 125 S.Ct. 738. Indeed, district courts are now endowed with the discretion to obviate Application Note 2, of Section 1B1.10(b) of the Guidelines which states that:

[I]n determining the amended guideline range under subsection (b), the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced. All other guideline application decisions remain unaffected.

(emphasis added).

Therefore, since *Booker* excised the statutes that made the Guidelines mandatory and mandatory guidelines no longer exist, this Court is free to resentence FORTY accordingly. *See, e.g., United States v. Hicks*, 472 F.3d 1167, 1171–72 (9th Cir.2007) ("*Booker* ... provides a constitutional standard which courts may not ignore.... [T]o the extent that the policy statements are inconsistent with *Booker*, the policy statements must give way"). *Cf. Cirilo Muñoz v. United States*, 404 F.3d 527, 533, n. 7 (1st Cir.2005)(noting that several courts of appeals have said that the advisory guidelines regime is to be used after *Booker* in resentencing even when the remands for resentencing are not caused by *Booker* error).

[3] This Court is mindful that *Booker* does not mean that judges are now free to impose any sentence they want and that while *Booker* has increased a sentencing court's discretion, that discretion is not without limits. Therefore, at defendant's resentencing hearing, we will begin by calculating the applicable guideline range. Once that is established, we will evaluate the factors set forth in 18 § 3553(a) to determine whether or not a guideline or non-guideline sentence is warranted. *See, United States v. Gilman*, 478 F.3d 440, 444 (1st Cir.2007) (*citing United States v. Jimenez–Beltre*, 440 F.3d 514, 518–19 (1st Cir. 2006)(en banc)) and *United States v. Thurston*, 456 F.3d 211, 215 (1st Cir.2006).

Having determined that MR. FORTY is eligible for resentencing pursuant to 18 U.S.C. § 3582(c)(2)[4] and further eligible to the application of the *Booker* advisory regime to his sentence, it is hereby ORDERED that the U.S. Marshal shall transfer the person of JOSE S. FORTY ESTREMERA to this jurisdiction no later than August 17, 2007, for resentencing by this Court.

It is FURTHER ORDERED that the U.S. Probation Office shall prepare an updated Presentence Report no later than August 27, 2007, which shall set forth the statue, conduct, and past history of defendant JOSE FORTY ESTREMERA from the time he came under the supervision of the Bureau of Prisons.

A SENTENCING HEARING is hereby scheduled for September 17, 2007, at 10:00 a.m.

IT IS SO ORDERED.



4. Defendant previously filed a motion to recall the mandate of the Court of Appeals (see docket No. 1649 and government's opposition, docket No. 1652). In light of our decision today, we do not reach the merits of this motion.

---

MENDEZ-MATOS v. MUNICIPALITY OF GUAYNABO    473
Cite as 498 F.Supp.2d 473 (D.Puerto Rico 2007)

Francisco MENDEZ-MATOS, et al., Plaintiffs

v.

MUNICIPALITY OF GUAYNABO, et al., Defendants.

Civil No. 05–1599 (JP).

United States District Court, D. Puerto Rico.

Aug. 7, 2007.

**Background:** After final judgment was entered in favor of plaintiffs in civil rights action against municipality and police officers, plaintiffs moved for award of attorney fees and costs.

**Holdings:** The District Court, Pieras, Senior District Judge, held that:

(1) issues as to amount of costs and attorney fees to be awarded were still within District Court's jurisdiction, despite parties' appeals as to other matters;

(2) plaintiffs were entitled to award of costs incurred for filing fee, stenographers, translations, service of process, witnesses, photocopies of documents used as exhibits, and court transcripts, but not the cost of photocopies and messenger services; and

(3) 80 percent reduction of plaintiffs' requested attorney fees award was warranted.

Motion granted in part and denied in part.

**1. Federal Courts** ⟵681.1

The filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal.

**2. Federal Courts** ⟵681.1

In its opinion and order granting plaintiffs' motion to amend a judgment to award reasonable costs and attorney fees, District Court expressly reserved decision on the amount of costs and attorney fees to be awarded, and, thus, those matters were still within District Court's jurisdiction, despite parties' appeals on other matters.

**3. Federal Civil Procedure** ⟵2735

A court has discretion to award costs other than those enumerated in statute authorizing taxing of costs, but must exercise that discretion sparingly. 28 U.S.C.A. § 1920.

**4. Civil Rights** ⟵1476

In civil rights litigation, plaintiffs, as prevailing party, were entitled to award of necessary costs incurred for filing fee, stenographers, translations, service of process, witnesses, photocopies of documents used as exhibits, and court transcripts, but not the cost of photocopies and messenger services, where purposes of photocopies were not detailed in plaintiffs' counsel's statement, and messenger services were not enumerated in statute authorizing taxing of costs. 28 U.S.C.A. § 1920.

**5. Civil Rights** ⟵1487

Under statute providing for award of attorney fees to prevailing party in civil rights action, the court must determine the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. 42 U.S.C.A. § 1988.

**6. Civil Rights** ⟵1487

In determining the fee award amount under statute providing for award of attorney fees to prevailing party in civil rights action, the attorneys' contemporaneous billing records constitute the usual starting point, but the court's discretion is not confined to those records. 42 U.S.C.A. § 1988.

**7. Civil Rights** ⟵1488

In determining the fee award amount under statute providing for award of attor-