UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 3:00CR69(AHN) |
| | : | |
| CLINTON COX | : | June 26, 2008 |

**GOVERNMENT'S REPLY TO DEFENDANT'S
MOTION TO AMEND JUDGMENT**

The Government, by and through the undersigned, respectfully submits its reply to the defendant's memorandum in support of its motion to amend the court's judgment denying the defendant a reduction in his sentence pursuant to 18 U.S.C. §3582(c)(2). For the foregoing reasons, and those stated in the governments response to the defendant's *pro se* motion, the defendant's motion to amend the court's judgment should be denied.

**Discussion**

The defendant, in his memorandum in support of his motion to amend judgment (hereinafter "memorandum"), argues that the court should impose a reduced sentence that takes into account all of the factors set forth in 18 U.S.C. §3553(a) and accounts for the crack and powder cocaine disparity between the original range of 360 months to life and 168 to 210 months, which he believes is his applicable range. Def. Memo. at 1. In his memorandum, the defendant, through counsel, misapplies 18 U.S.C. §3582(c) and miscalculates his guidelines range after taking into account Amendment 706 of the Sentencing Guidelines.

Title 18, United States Code, Section 3582(c)(2) gives the court the discretion to reduce a defendant's sentence when his imprisonment range has been subsequently lowered by the

Sentencing Commission after taking into account the factors set forth in 18 U.S.C. 3553(a) and so long as "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §3582(c)(2). A revised policy statement was issued by the Sentencing Commission under U.S.S.G. §1B1.10 in which the courts were given the authority to reduce a defendant's term of imprisonment pursuant to 18 U.S.C. §3582(c)(2) as long as it is "consistent with this policy statement" U.S.S.G. §1B1.10(a)(1). The policy statement went on to explain that a reduction would not be consistent with the policy statement if, "an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable *guideline range*" (emphasis added), and therefore 18 U.S.C. 3582(c)(2) would not be applicable. U.S.S.G. 1B1.10(a)(2)(B).

The defendant, through counsel, spends much of his memorandum defining the term "base" and argues that his sentence was "based" on the "range dictated by §2D1.1." Def. Memo. at 5. However, the defendant's analysis of calculating the sentencing guidelines range is incorrect. Defendant's memorandum is correct in stating that the Guidelines are to be applied in order, Def. Memo. at 5, yet he fails to apply them in order in his own analysis.

Under U.S.S.G. §1B1.1, the defendant's guideline range is only calculated after all the factors in Chapter 1 through 3 have been considered and his criminal history category is calculated in Chapter 4. U.S.S.G. §1B1.1(a) - (f). After all calculations in Chapters 1 though 4 are made, the guidelines dictate that the applicable guideline range is then determined from the table in Chapter 5, Part A that corresponds to the defendant's offense level and criminal history category. U.S.S.G. §1B1.1(g). No other step in the analysis under §1B1.1 mentions calculating a range except for subsection (g) of that section.

Given the above analysis of calculating guidelines, under the defendant's previous sentence, his base offense level was calculated, under U.S.S.G. § 2D1.1(a)(3)(1), to be a level 38. In addition, a four level increase in the offense level was warranted under U.S.S.G. §3B1.1(a) for the defendant's role. The resulting adjusted offense level was found to be a level 42. His criminal history points, under §4A1.1, were calculated to be eight, placing him in criminal history category IV. Take the offense level of 42 and a criminal history category of IV, and applying the table in Chapter 5, Part A, or the table on the inside back cover of the guidelines manual, the defendant's guideline range is 360 to life.

The defendant is correct that his base offense level is now 36, after taking the amendment to the guidelines into consideration. Def. Memo. at 4. However, defendant jumps ahead several steps when he states that his range is now would be 262-327 months using the "base" offense level of 36. Def. Memo. at 12. Again, the range is not calculated until after the rest of the steps are completed. Given the two point reduction in offense level dictated by amendment 706, the defendant's base offense level is now 36. Again, 4 points are added for his role in the offense under §3B1.1(a). His adjusted offense level is now 40. His criminal history calculation remains the same, so he is still a criminal history category IV. Applying the offense level of 40 and the criminal history category IV to the table in Chapter 5, Part A, the corresponding range is 360-Life. The range has not changed even though the reduction under the amendment is applied. Therefore, the defendant is not entitled to a reduction in his sentence under 18 U.S.C. §3582(c)(2).

As to the other arguments posited by the defendant, through counsel, that the court should take all the factors in §3553(a) and the disparity between crack and powder cocaine sentences

3

into account, this proceeding does not constitute a full resentencing of the defendant and only takes into account the changes promulgated by Amendment 706. <u>See</u> U.S.S.G. §1B1.10(a)(3). In addition <u>Kimbrough</u> does not apply in §3582(c)(2) proceedings. Finally, the government submits it has more thoroughly briefed all the arguments posited in the defendant's memorandum in our previous response to the defendant's *pro se* motion.

## <u>Conclusion</u>

For all of the reasons stated above, and those previously set forth, the government respectfully requests that the court deny the Defendant's motion to amend the court's judgment denying the defendant a reduction in his sentence pursuant to 18 U.S.C. §3582(c)(2), seeking the retroactive application of amendment 706.

Respectfully submitted,

NORA R. DANNEHY
UNITED STATES ATTORNEY

_____/S/_____
WILLIAM M. BROWN, JR.
ASSISTANT U.S. ATTORNEY
UNITED STATES ATTORNEY'S OFFICE
915 LAFAYETTE BLVD, RM 309
BRIDGEPORT, CT 06604
Telephone: (203) 696-3000
FEDERAL BAR NO. ct20813
E-mail: william.m.brown@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 26TH day of JUNE, 2008, I caused a copy of the foregoing Response to be served electronically to counsel for defendant:

    Sarah A. L. Merriam
    Assistant Federal Defender
    265 Church St, Suite 702
    New Haven, CT 06510

                                         /S/
                                WILLIAM M. BROWN, JR.
                                ASSISTANT UNITED STATES ATTORNEY