UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA      :
                              :
v.                            :    Crim. No. 3:00-cr-00069 (AHN)
                              :
CLINTON COX                   :

RULING ON MOTION TO ALTER OR AMEND JUDGMENT

Pending before the court is Clinton Cox's ("Cox") motion to alter or amend the court's prior ruling on his motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) [doc. # 300].[1]  For the reasons stated below, the court denies his motion.

BACKGROUND

On January 23, 2001, a jury convicted Cox of one count of conspiring to possess with intent to distribute fifty grams or more of cocaine base ("crack cocaine") in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count one), three counts of possessing with intent to distribute and distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1) (counts four, seven, and ten), and three counts of using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (counts five, eight, and eleven).

At sentencing, the court found that Cox was responsible for

---

[1] Though Cox titled his motion as a "Motion for Reconsideration," the court already granted his motion for reconsideration [doc. # 292].  Counsel for Cox clarified in her memorandum [doc. # 302] that Cox sought to alter or amend the court's judgment.  The court will construe his motion accordingly.

more than two kilograms of crack cocaine, which resulted in a
base offense level of 38 pursuant to U.S.S.G. § 2D1.1(a)(3)(1).
The court also found that Cox's role in the offense warranted a
four-level leadership role enhancement pursuant to U.S.S.G. §
3B1.1(a). As a result, Cox's total offense level was 42. The
court also found that Cox had a criminal history category of IV.
Based on a total offense level of 42 and a criminal history
category of IV, the court found Cox had a guideline range of 360
months to life imprisonment. The court also found that counts
five, eight, and eleven required three 60-month terms of
imprisonment, for a total of 180 months, to run consecutively to
any other term of imprisonment. Ultimately, the court sentenced
Cox to 540 months of imprisonment, that is, 360 months on the
drug counts and three consecutive 60-month sentences on the gun
counts.

Thereafter, in 2007, the United States Sentencing Commission
issued Amendment 706, which lowered the base offense level
applicable to offenses involving crack cocaine. See U.S.S.G. §
1B1.10(c). "Specifically, the amendment adjusts downward by two
levels the base offense level assigned to each threshold quantity
of crack cocaine listed in the Drug Quantity Table in § 2D1.1 and
provides a mechanism for determining the guideline range for
offenses involving crack cocaine and other controlled
substances." United States v. Pizarro, No. 98-cr-148-01-PB, 2008

2

WL 351581, at *1 (D. N.H. Feb. 8, 2008).  The Sentencing
Commission also applied the amendment retroactively.  Thus,
defendants who were sentenced under prior versions of § 2D1.1 and
who are incarcerated may be eligible for a reduction in their
terms of incarceration, effective March 3, 2008.  Id.

DISCUSSION

Cox now moves the court to alter or amend its ruling in
which it denied his motion for a sentence reduction pursuant to
18 U.S.C. § 3582(c)(2).[2]  Cox originally filed his § 3582(c)(2)
motion pro se and the court denied the motion.  Shortly
thereafter, counsel was appointed for Cox.  Cox's counsel
reasserts Cox's arguments in support of a sentence reduction
pursuant § 3582(c)(2) and also raises new grounds for the relief
he seeks.  The court now revisits Cox's original arguments and
addresses counsel's additional arguments and again finds that Cox
is not entitled to a reduction of his sentence.

I.   Guideline Range Calculation

Cox argues that by virtue of Amendment 706, he is entitled
to a retroactive reduction of his sentence in accordance with the
newly amended § 2D1.1.  The court disagrees.

Section 3582(c)(2) only permits the court to reduce a

---

[2] Section 3582(c)(2) permits the court to retroactively
reduce a defendant's term of imprisonment where he was "sentenced
. . . based on a sentencing range that has subsequently been
lowered by the Sentencing Commission."  Id.

3

sentence when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." <u>Id.</u> On December 11, 2007, the Sentencing Commission issued a revised policy statement under U.S.S.G. § 1B1.10 to explain the limitations on relief available under § 3582(c)(2). Section 1B1.10 states:

> In a case in which a defendant is serving a term of imprisonment, and **the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below**, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1)(emphasis added). While Amendment 706 is listed in subsection (c) and therefore may give rise to a sentence reduction pursuant to § 3582(c)(2), the policy statement further advises that:

> A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if –
>
> * * *
>
> (B) An amendment listed in subsection (c) **does not have the effect of lowering the defendant's applicable guideline range.**

U.S.S.G. § 1B1.10(a)(2)(B) (emphasis added).

Cox argues that his sentence was "based" on the range set

forth in § 2D1.1, which is used to calculate a defendant's base offense level.  Because Amendment 706 reduces his base offense level by two levels to 36, Cox argues that the court should use this level to determine his guideline range.  Using this base offense level, he argues that his guideline range is actually 262-237 months.[3]

This, however, is not the procedure used to determine a defendant's guideline range.  Rather, according to § 1B1.1(g), the court considers each of the factors in Chapters 1 through 3 and then calculates a defendant's criminal history category in Chapter 4.  Next, the court determines the applicable guideline range based on the table in Chapter 5, which correlates a defendant's offense level with his criminal history category.

Performing this calculation to determine Cox's guideline range with the two-level reduction authorized by Amendment 706, the court first determines that Cox's total offense level is now 40, rather than 42 as originally determined.  Correlating Cox's criminal history category of IV with his new offense level of 40 results in the same guideline range of 360 months to life.  Accordingly, Cox is ineligible for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) because Amendment 706 does not

---

[3] Cox also urges this court to go beyond Amendment 706 and resentence him using a 1:1 ratio of crack to powder cocaine, which would substantially reduce his offense level and his guideline range.  For the reasons stated in the next section of this opinion, Cox's argument is unavailing.

lower Cox's guideline range.[4]

II.  Section 3582 (c)(2) and *Booker*

Cox also seeks to be resentenced pursuant to the ruling in United States v. Booker, 543 U.S. 220 (2005).  He argues that the sentencing guidelines, including policy statements such as § 1B1.10, are "all simply advice in the post-Booker world" and the court, while entertaining his § 3582 motion, is free to fully resentence Cox as it sees fit.  In support of his argument, Cox cites United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007), where the Ninth Circuit held that a defendant's newly calculated range under § 3582(c)(2) was merely advisory and the court was free to impose a sentence below the guideline minimum.  Id. at 1172-73.[5]  Cox's argument is unavailing.

First, even if this court were to adopt the reasoning in

---

[4] In his previous pro se § 3582(c)(2) motion, Cox also challenged his original base offense level because the "jury did not find The [sic] statue's [sic] prescribed drug quantity to support a mandatory minimum sentence."  The court previously found this argument to be unavailing.  Because Cox does not raise it in this motion, the court deems the argument to be abandoned.

[5] It appears that Hicks has not been followed by other federal courts.  See, e.g., United States v. Outlaw, No. 08-6498, 2008 WL 2443374, at *1 (4th Cir. June 18, 2008) ("the relief Outlaw seeks [pursuant to Booker] is unavailable under § 3582(c)(2)"); United States v. Julien, 550 F. Supp. 2d 138, 140 (D. Me. 2008) (noting that "the Sixth Amendment concerns that motivated the Booker Court to declare the Guidelines advisory are simply not in play in the context of a sentence reduction under § 3582(c)(2)"); United States v. Cruz, -- F. Supp. 2d --, No. 02-CR-0725 (CPS), 2008 WL 539216, at *3-*5 (E.D.N.Y. Feb. 27, 2008) (concluding that Booker does not apply to § 3582(c)(2) proceedings).

<u>Hicks</u>, Cox would not benefit.  In <u>Hicks</u>, the defendant's offense
level was reduced by Amendment 599, a retroactive amendment that
eliminated a two-level enhancement for firearm possession in
certain cases.  This also had the effect of lowering the
defendant's guideline range.  The Ninth Circuit then held,
pursuant to <u>Booker</u>, that the defendant's new guideline range
calculation was advisory rather than mandatory, and the district
court could therefore impose a sentence that was below the
guideline minimum.  <u>Id.</u>  Here, unlike <u>Hicks</u>, the application of
Amendment 706's two-level reduction to Cox's offense level has no
effect on his guideline range, which remains exactly the same.
Hence, the reasoning in <u>Hicks</u> does not apply to Cox.

Second, the decision to reduce a defendant's sentence
pursuant to § 3582(c)(2) is purely within the discretion of the
court.  <u>See</u> 18 U.S.C. § 3582(c)(2) (noting circumstances where
"the court <u>may</u> reduce the term of imprisonment") (emphasis
added); <u>United States v. Bravo</u>, 203 F.3d 778, 780 (11th Cir.
2000) ("Under 18 U.S.C. § 3582(c)(2), a district court has
<u>discretion</u> to reduce the term of imprisonment of an already
incarcerated defendant. . . .") (emphasis added); <u>United States
v. Colon</u>, 961 F.2d 41, 45 (2d Cir. 1992) (noting that under §
3582(c)(2), Congress authorizes but does not require a court to
modify a defendant's sentence based on changes to the sentencing
guidelines).  Even if § 1B1.10 is advisory after <u>Booker</u>, the

7

court declines to exercise its discretion pursuant to §
3582(c)(2) to resentence Cox.  Taking into account the factors
set forth in 18 U.S.C. § 3553(a), the court would impose exactly
the same sentence as it did at Cox's original sentencing.  The
court's original sentence of 540 months is sufficient but not
greater than necessary to comply with the § 3553(a) factors.

CONCLUSION

For the foregoing reasons, the court DENIES Cox's motion to
alter or amend the judgment denying his motion for a reduction in
his sentence pursuant to 18 U.S.C. § 3582(c)(2) [doc. # 300].

So ORDERED this 11th day of August 2008, at Bridgeport,
Connecticut.

                              _____/s/_____
_____     Alan H. Nevas
                              United States District Judge