```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA      :
                              :
     v.                       :    Crim. No. 3:00cr69(AHN)
                              :
CLINTON COX                   :
```

## RULING ON MOTION FOR RELIEF FROM JUDGMENT

Now pending before the court is petitioner Clinton Cox's ("Cox") motion for relief from judgment [doc. # 303] under the All Writs Act, 28 U.S.C. § 1651, or in the alternative, under Fed. R. Civ. P. 60(b), in which he seeks to overturn his conviction based on a decision recently issued by the Supreme Court. For the reasons set forth below, even though Cox styles his motion as one under the All Writs Act, the court construes Cox's motion as a habeas petition under 28 U.S.C. § 2255. Further, because Cox has filed previous habeas petitions, the court transfers the petition to the Second Circuit for a determination as to whether Cox may pursue the petition in this court.

## FACTS AND PROCEDURAL HISTORY

The court assumes the parties' familiarity with the facts and procedural history underlying this case and only relates those facts necessary to address the instant motion.

On January 23, 2001, a jury convicted Cox of, among other things, three counts of using and carrying a firearm during and in relation to a drug-trafficking crime, in violation of 18

U.S.C. § 924(c).  Following Cox's conviction, the court sentenced him to a total term of 540 months of imprisonment.  The Second Circuit affirmed his conviction and sentence.  United States v. Cox, 324 F.3d 77, 79 (2d Cir. 2003); United States v. Cox, 59 F. App'x 437, 438 (2d Cir. 2003).

In 2004, Cox filed a § 2255 petition, which sought to overturn his conviction.[1]  The court denied the § 2255 petition, and Cox did not appeal.

Months after the court denied the § 2255 petition, Cox moved to amend the petition to add four more reasons for attacking his conviction and sentence.  The court construed the motion to amend as a second § 2255 petition and denied that petition because Cox failed to seek permission from the Second Circuit to file a successive petition, as required by that statute.  Cox ultimately appealed the denial of his motion to amend, but the Second Circuit affirmed the court's decision.

Now Cox has filed a "motion for relief from judgment under 28 U.S.C. § 1651 and Federal Rules of Civil Procedure, Rule 60(b)."

---

[1]  While the first § 2255 petition was still pending, Cox also filed a motion for audita querela on the ground that his sentence violated United States v. Booker, 543 U.S. 220 (2005). The court denied this motion, initially and on reconsideration. Cox appealed, but the Second Circuit affirmed this court's decision.

DISCUSSION

The Anti-terrorism and Effective Death Penalty Act ("the AEDPA"), codified in part at 28 U.S.C. § 2255, governs collateral attacks on criminal convictions in federal court. The AEDPA imposes limitations on the manner and extent to which a petitioner can collaterally attack his conviction. Id. As a result, regardless of the title of a petitioner's motion, the court must look to the claims raised in the motion and determine whether those claims are permitted under the AEDPA.

Here, Cox styles his motion as one under the All Writs Act and Rule 60(b). He argues that his conviction on the § 924(c) counts was unconstitutional under the Supreme Court's recent decision in Watson v. United States, 128 S. Ct. 579, 586 (2007). That decision, Cox contends, supports his innocence and "compels re-opening the original § 2255 proceedings." This claim, however, falls squarely under the AEDPA because it seeks to collaterally attack his sentence based on a new rule of constitutional law. Therefore, despite the title of Cox's motion, the court construes his motion as a habeas petition pursuant to § 2255. See, e.g., Lizalde v. United States, No. 07-CV-5082 (ARR), 2007 WL 4373287, at *2 (E.D.N.Y. Dec. 10, 2007) (construing a motion as a § 2255 petition where the petitioner raised new claims collaterally attacking his petition).

Moreover, Cox's reliance on the All Writs Act is misplaced because that act does not provide him with an alternative means of collaterally attacking his conviction in lieu of § 2255. The All Writs Act allows district courts to issue ancient writs, such as the writs of error <u>coram</u> <u>nobis</u> and <u>audita</u> <u>querela</u>, see, e.g., <u>Fleming v. United States</u>, 146 F.3d 88, 89 (2d Cir. 1998) (per curiam), but the Supreme Court has clarified that "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." <u>Carlisle v. United States</u>, 517 U.S. 416, 429 (1996) (refusing to grant writ of error <u>coram</u> <u>nobis</u>, which is available under the All Writs Act, where Fed. R. Crim. P. 29 addressed the issue presented in collateral attack) (quotation omitted). Accordingly, courts have found that "[p]risoners bringing actions that fall within the scope of . . . § 2255 may not evade the restrictions on such actions by seeking a writ" under the All Writs Act. <u>Ortiz v. New York</u>, 75 F. App'x 14, 16 (2d Cir. 2003) (quotation omitted).

This is exactly the situation presented by Cox's reliance on the All Writs Act instead of § 2255, i.e., attempting to avoid the requirements of § 2255 by restyling his request as one seeking a writ. See <u>Banks v. United States</u>, 167 F.3d 1082, 1084

(7th Cir. 1999); accord Ortiz, 75 F. App'x at 16 (finding that a petitioner's invocation of the All Writs Act was "merely a transparent attempt to circumvent the procedural obstacles that barred his [second] § 2255 motion" (quotation omitted)). Therefore, the All Writs Act does not provide Cox with an alternative avenue for attacking his conviction.

Cox also invokes Fed. R. Civ. P. 60(b), but that rule also does not allow him to raise new claims collaterally attacking his conviction. The Second Circuit has ruled that "relief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004). Thus, "[i]f a motion relates to the integrity of the criminal trial and not the prior habeas proceeding, the motion is in actuality a § 2255 petition and must meet the criteria set forth in the [AEDPA]." Harris v. United States, 1:96-CV-1913, 2006 WL 3437425, at *1 (N.D.N.Y. Nov. 29, 2006).

As mentioned above, Cox's present attack is based on a recent Supreme Court decision and was not raised in his previous petitions. Because Cox's present petition raises a new collateral attack on his conviction, Rule 60(b) does not provide this court with jurisdiction to adjudicate it. See, e.g., United States v. Smith, 498 F. Supp. 2d 517, 519 (N.D.N.Y. 2007)

(finding that relief was not available under Rule 60(b) where the petitioner made "no claims of deficiencies in the habeas proceedings, but rather allege[d] deficiencies in his original criminal proceedings").

For these reasons, neither the All Writs Act nor Rule 60(b) provide Cox with relief and Cox's motion is most properly construed as a third § 2255 petition. Accordingly, Cox's present petition is subject to the AEDPA's procedural limitations on successive petitions. Those limitations, which the court now addresses, preclude the court from reaching the merits of Cox's claim.

Section 2255(h) requires that, before a petitioner may bring a successive petition in the district court, the Second Circuit must certify that the petition will raise specific claims for relief. See 28 U.S.C. §§ 2244(b)(1)-(3), 2255(h). Otherwise, the petition must be dismissed. Id. § 2244(b)(2). Accordingly, "[b]efore a second or successive [§ 2255 petition] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Id. § 2244(b)(3)(A); e.g., Haouari v. United States, 510 F.3d 350, 352 (2d Cir. 2007). This authorization requirement for successive petitions is jurisdictional; in other words, unless the Second Circuit has authorized a petitioner to file a successive petition, the

district court cannot reach the merits of that petition. See 28 U.S.C. §§ 2244, 2255(h); see, e.g., Torres v. Senkowski, 316 F.3d 147, 149 (2d Cir. 2003) (stating that "the authorization requirement [for second or successive habeas petitions] is jurisdictional and therefore cannot be waived").

Given that the present habeas petition is the third one Cox has filed and he has not sought authorization from the Second Circuit to bring a successive petition, the court does not have jurisdiction to reach the merits of Cox's claim.[2] See, e.g., United States v. Smith, No. 1:92-cr-0262 (LEK), 2008 WL 84593, at *1 (N.D.N.Y. Jan. 7, 2008) (construing a motion brought under the All Writs Act as a § 2255 petition and concluding that the court lacked jurisdiction to adjudicate it due to the AEDPA's authorization requirement for successive petitions).

Nevertheless, dismissal is not necessary. In situations such as this – where a petitioner has not moved the Second

---

[2] Cox argues that AEDPA's limitations on bringing successive habeas petitions "may violate the Suspension of the Writ Clause if they create an 'unreasonable burden' on habeas relief" and that "[d]enial of habeas relief in the present case implicates the Suspension Clause because it constitutes a complete denial of any collateral review of new legal developments that arose after Petitioner filed his initial review section 2255 petition in the year 2004." (Mot. at 3 (quoting Rodriguez v. Artuz, 990 F. Supp. 275, 282 (S.D.N.Y. 1998).) This argument is premature, and therefore, the court does not consider it. Because the Second Circuit has yet to determine whether Cox may bring this successive petition, the court cannot now say whether he has been denied habeas relief. Moreover, the court cannot say whether Cox is entitled to habeas relief because the court has not considered the merits of Cox's motion.

district court cannot reach the merits of that petition. See 28 U.S.C. §§ 2244, 2255(h); see, e.g., Torres v. Senkowski, 316 F.3d 147, 149 (2d Cir. 2003) (stating that "the authorization requirement [for second or successive habeas petitions] is jurisdictional and therefore cannot be waived").

Given that the present habeas petition is the third one Cox has filed and he has not sought authorization from the Second Circuit to bring a successive petition, the court does not have jurisdiction to reach the merits of Cox's claim.[2] See, e.g., United States v. Smith, No. 1:92-cr-0262 (LEK), 2008 WL 84593, at *1 (N.D.N.Y. Jan. 7, 2008) (construing a motion brought under the All Writs Act as a § 2255 petition and concluding that the court lacked jurisdiction to adjudicate it due to the AEDPA's authorization requirement for successive petitions).

Nevertheless, dismissal is not necessary. In situations such as this – where a petitioner has not moved the Second

---

[2] Cox argues that AEDPA's limitations on bringing successive habeas petitions "may violate the Suspension of the Writ Clause if they create an 'unreasonable burden' on habeas relief" and that "[d]enial of habeas relief in the present case implicates the Suspension Clause because it constitutes a complete denial of any collateral review of new legal developments that arose after Petitioner filed his initial review section 2255 petition in the year 2004." (Mot. at 3 (quoting Rodriguez v. Artuz, 990 F. Supp. 275, 282 (S.D.N.Y. 1998).) This argument is premature, and therefore, the court does not consider it. Because the Second Circuit has yet to determine whether Cox may bring this successive petition, the court cannot now say whether he has been denied habeas relief. Moreover, the court cannot say whether Cox is entitled to habeas relief because the court has not considered the merits of Cox's motion.

Circuit for permission to file a successive petition and instead files that petition directly with the district court - the Second Circuit has instructed the district court to transfer the case to the Second Circuit for a determination of whether the petition warrants authorization.  See Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996) (stating that a district court "should transfer the [successive] petition . . . to th[e Second Circuit] in the interest of justice pursuant to [28 U.S.C.] § 1631"); see generally Jiminian v. Nash, 245 F.3d 144, 148 (2d Cir. 2001) (discussing transfer procedure).  Therefore, in accordance with that instruction and for the purpose of allowing Cox to seek authorization to bring this petition, the court transfers this petition to the Second Circuit pursuant to 28 U.S.C. § 1631.

## CONCLUSION

For the foregoing reasons, the court CONSTRUES Cox's motion for relief from judgment [doc. # 303] as a successive § 2255 petition and, so construed, TRANSFERS the petition to the Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631 for a determination as to whether Cox may bring a successive petition in this court.  To the extent Cox seeks a certificate of appealability of this ruling, the court sua sponte DENIES Cox a certificate of appealability because he has not made a substantial showing of the denial of a constitutional right.  See Eltayib v. United States, 294 F.3d 397, 400 (2d Cir. 2002).

SO ORDERED this ___ day of August 2008, at Bridgeport, Connecticut.

                                              _____
                                              Alan H. Nevas
                                              United States District Judge